1  CAROLYN H. COTTRELL (SBN 166977)
   LEE B. SZOR (SBN 276381)
2  SCHNEIDER WALLACE
   COTTRELL BRAYTON KONECKY LLP
3  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
4  Telephone: (415) 421-7100
   Facsimile: (415) 421-7105
5
   SCOTT A. BROWN (SBN 177099)
6  BROWN | POORE LLP
   1350 Treat Boulevard, Suite 400
7  Walnut Creek, California 94597
   Telephone: (925) 943-1166
8  Facsimile: (925) 943-1164

9  Attorneys for Plaintiff and the Putative Class

10

11

12                    **UNITED STATES DISTRICT COURT**

13
                      **NORTHERN DISTRICT OF CALIFORNIA**
14

15  CARL CORDY, on his own behalf individually    Case No.:
    and on behalf of others similarly situated,
16                                                **COMPLEX CASE; CLASS ACTION**
              Plaintiff,
17                                                **COMPLAINT FOR VIOLATIONS OF THE**
         vs.                                      **CALIFORNIA LABOR CODE; THE**
18                                                **CALIFORNIA INDUSTRIAL WELFARE**
    USS-POSCO INDUSTRIES, UNITED                  **COMMISSION WAGE ORDERS; AND**
19  STATES STEEL CORPORATION, POSCO –             **THE CALIFORNIA BUSINESS AND**
    CALIFORNIA CORPORATION, PITCAL,               **PROFESSIONS CODE §§ 17200, et seq.**
20  INC., and DOES 1 to 50
                                                  **DEMAND FOR JURY TRIAL**
21            Defendants.

22

23

24

25

26

27

28                          *Cordy, et al. v. USS-Posco Industries, et al.*
                COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE; THE CALIFORNIA INDUSTRIAL WELFARE
SCHNEIDER WALLACE   COMMISSION WAGE ORDERS; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*
COTTRELL BRAYTON
KONECKY LLP

1    Plaintiff Carl Cordy, on behalf of himself individually and all others similarly situated,

2    hereby alleges the following:

3                                              **INTRODUCTION**

4    1.      Plaintiff Carl Cordy (hereinafter "Plaintiff") brings this class action on behalf of

5    himself individually and on behalf of other similarly situated hourly employees against Defendants

6    USS-POSCO Industries, United States ("U.S.") Steel Corporation, POSCO – California

7    Corporation, Pitcal, Inc., and Does 1 to 50 (hereinafter collectively "Defendants") for violations of

8    the California Labor Code, the California Business and Professions Code §§ 17200, *et seq.*

9    (hereinafter "Unfair Competition Law" or "UCL"), and applicable California Industrial Welfare

10   Commission Wage Orders. Plaintiff challenges Defendants' policies of: 1) denying hourly

11   employees compensation for all hours worked; 2) denying hourly employees bona fide meal and

12   rest periods as required by California law; 3) failing to provide hourly employees with accurate,

13   itemized wage statements; and 4) failing to timely pay hourly employees wages upon termination

14   or resignation.

15   2.      Plaintiff Carl Cordy was employed by Defendants as a non-exempt, hourly

16   employee. Plaintiff worked exclusively at Defendants' steel-processing plant and facilities in

17   Pittsburg, California. He seeks to represent a class of current and former non-exempt, hourly

18   employees employed by Defendants at their Pittsburg, California steel-processing plant and

19   facilities who have been denied compensation for all hours worked, meal and rest periods,

20   accurate, itemized wage statements, and waiting time penalties as required by California law

21   (hereinafter "the Class").

22   3.      Plaintiff alleges that Defendants have a policy and practice of requiring non-exempt,

23   hourly employees to arrive at the plant at least six (6) minutes before the beginning of their paid

24   shifts. Plaintiff alleges that, during this pre-shift time, Defendants require their non-exempt hourly

25   employees to perform a number of work activities, including, *inter alia*: swiping in using an

26   electronic time card system, donning and doffing various work-related protective equipment,

27   performing "passdowns" with employees from the previous shifts – whereby employees learn of

28

1

*Cordy, et al. v. USS-Posco Industries, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE; THE CALIFORNIA INDUSTRIAL WELFARE
COMMISSION WAGE ORDERS; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1 || any incidents or problems that occurred during the prior shift – and walking and waiting to perform
2 || any of these required, pre-shift work activities. Plaintiff further alleges that Defendants have a
3 || policy and practice of refusing to compensate hourly employees for this required, pre-shift work.
4 || Moreover, Plaintiff alleges that Defendants have a policy and practice of deducting six (6) minutes
5 || from hourly employees' daily compensation if they do not swipe-in at least six (6) minutes before
6 || the beginning of their paid shifts. For example, if a non-exempt, hourly employee was scheduled
7 || to work an eight-hour shift from 3:00 P.M. to 11:00 P.M., but the employee did not swipe in until
8 || 2:57 P.M. – fewer than six (6) minutes before the beginning of his or her scheduled shift – then
9 || Defendants have a policy and practice of deducting six (6) minutes from the employee's daily
10 || compensation. These policies and practices are in direct violation of the California Labor Code,
11 || which requires that employees be compensated for each and every hour worked. Defendants have
12 || failed to pay Plaintiff and the Class for all hours worked in violation of the California Labor Code.

13 || 4.    Defendants have a policy and practice of denying hourly employees the bona fide
14 || off-duty meal and rest periods to which they are entitled under California law. This policy and
15 || practice is in direct violation of the California Labor Code and the California Industrial Welfare
16 || Commission Wage Orders 1-2001 (California Code of Regulations, Title 8, Chapter 5, § 11010)
17 || (hereinafter "Wage Order 1") and/or 17-2001 (California Code of Regulations, Title 8, Chapter 5,
18 || § 11170) (hereinafter "Wage Order 17"). These provisions collectively require employers to
19 || provide their employees with an off-duty meal period of at least thirty (30) minutes for every five
20 || (5) hours the employee spends on the job and with a rest period of at least ten (10) minutes net for
21 || every four (4) hours of work or major fraction thereof. Employers must relieve their employees of
22 || all duties during these meal and rest periods to comply with their legal obligations.

23 || 5.    Defendants have a policy and practice of refusing to provide hourly employees with
24 || timely, accurate itemized wage statements. Even when such wage statements are provided to
25 || hourly employees, they often fail to accurately reflect hourly employees' total hours worked and
26 || wages and benefits earned during each pay period. This policy and practice is in direct violation of
27 || California Labor Code § 226 and Wage Order 1.

28

2

*Cordy, et al. v. USS-Posco Industries, et al.*

COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE; THE CALIFORNIA INDUSTRIAL WELFARE
COMMISSION WAGE ORDERS; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

1  6. As a result of Defendants' policies and practices of failing to compensate hourly

2  employees for all hours worked and failing to provide bona fide meal and rest periods, Defendants

3  have failed to pay the Plaintiff and the Class all wages owed to them upon termination or quit in

4  violation of California Labor Code §§ 201-202.

5  7. Plaintiff and the Class seek injunctive and declaratory relief, restitution,

6  compensatory and liquidated damages as permitted by applicable law, applicable civil penalties,

7  interest, and attorneys' fees, costs and expenses.

## JURDISDICTION AND VENUE

9  8. This Court has jurisdiction over this lawsuit pursuant to the Class Action

10  Fairness Act, codified at 28 U.S.C. § 1332(d)(2). This case is being brought as a class action, and

11  Plaintiff is informed, believes, and thereon alleges that the amount in controversy exceeds the

12  value of $5,000,000.00, excluding interest and costs, and members of the Class are citizens of a

13  state different from that of Defendants. In addition, Plaintiff is informed, believes, and thereon

14  alleges that more than two-thirds (2/3) of the proposed Class are citizens of California, whereas

15  the Defendants are citizens of different states.

16  9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Defendants are

17  subject to personal jurisdiction in the Northern District of California at the time of the filing of this

18  action. Defendants currently do business in California, maintain plants and facilities in the

19  Northern District of California, and maintain a registered agent of process in California.

20  Additionally, members of the Class reside in the Northern District of California.

## PARTIES

22  10. Plaintiff Carl Cordy is a resident of Contra Costa County, California and is a former

23  employee of Defendants. During the class period, Plaintiff worked for Defendants as a non-

24  exempt, hourly employee. Plaintiff has suffered injury and lost money and property as a result of

25  Defendants' policies and practices.

26  11. Plaintiff is informed, believes, and thereon alleges that Defendant USS-POSCO

27

28

3

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1 Industries is a general partnership established by Defendant U.S. Steel Corporation and Pohang
2 Iron & Steel Co., Ltd. ("POSCO"), a non-party headquartered in South Korea. Defendant USS-
3 POSCO Industries maintains steel-manufacturing facilities in Pittsburg, California. Defendant
4 USS-Posco Industries is, and at all relevant times has been, engaged in the business of
5 manufacturing and producing sheets of flat rolled steel in Northern California. Plaintiff is
6 informed, believes, and thereon alleges that, at all relevant times, Defendant USS-Posco Industries
7 has employed non-exempt, hourly employees in California.

8      12.    Plaintiff is informed, believes, and thereon alleges that Defendant U.S. Steel
9 Corporation is a Delaware corporation with an agent for service of process registered in California.
10 Plaintiff is informed, believes, and thereon alleges that a portion of the steel that Defendant USS-
11 Posco Industries processes and manufactures is supplied by Defendant U.S. Steel Corporation.
12 Defendant U.S. Steel Corporation is, and at all relevant time has been, engaged in the business of
13 shipping and transporting steel to Northern California. Plaintiff is further informed, believes, and
14 thereon alleges that Defendant USS-POSCO Industries is owned, at least in part, by Defendant
15 U.S. Steel Corporation.

16     13.    Plaintiff is informed, believes, and thereon alleges that Defendant POSCO –
17 California Corporation is a Delaware corporation with an agent for service of process registered in
18 California. Plaintiff is informed, believes, and thereon alleges that Defendant POSCO – California
19 Corporation is a wholly owned subsidiary of a non-party, POSCO America Corporation. Plaintiff
20 is further informed, believes, and thereon alleges that Defendant POSCO – California Corporation
21 is a nominal general partner of, and maintains a 50 percent (50%) partnership interest in,
22 Defendant USS-POSCO Industries.

23     14.    Plaintiff is informed, believes, and thereon alleges that Defendant Pitcal, Inc. is a
24 Delaware corporation with an agent for service of process registered in California. Plaintiff is
25 informed, believes, and thereon alleges that Defendant Pitcal, Inc. is a wholly owned subsidiary of
26 Defendant U.S. Steel Corporation. Plaintiff is further informed, believes, and thereon alleges that

27
28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1  Defendant Pitcal, Inc. is a nominal general partner of, and maintains a 50 percent (50%)
2  partnership interest in, Defendant USS-POSCO Industries.

3  15.     The true names and capacities, whether individual, corporate, associate, or otherwise
4  of Does 1 to 50, inclusive, are unknown to Plaintiff, who therefore sues the Doe Defendants by
5  fictitious names.   Plaintiff is informed, believes, and thereon alleges that each of these
6  fictitiously-named Defendants, as well as the named Defendants, is responsible in some manner for
7  the occurrences and Plaintiff's and the Class' damages as herein alleged. Plaintiff will amend this
8  Complaint to show their true names and capacities when they have been ascertained.

9  16.     Each Defendant is jointly and severally liable for the unlawful acts alleged herein.

10  ## FACTUAL ALLEGATIONS

11  17.     Plaintiff is informed, believes, and thereon alleges that Defendant USS-POSCO
12  Industries is engaged in the business of manufacturing and producing sheets of flat rolled steel at
13  Defendants' Pittsburg, California steel-manufacturing plant and facilities.  Those sheets of flat
14  rolled steel are then sold to Defendant USS-POSCO Industries' clients.  Defendants' Pittsburg,
15  California steel-processing plant and facilities are staffed by Defendants' non-exempt, hourly
16  employees.

17  18.     Plaintiff is informed, believes, and thereon alleges that Defendants employ at least
18  600 non-exempt, hourly employees at their Pittsburg, California steel-manufacturing plant and
19  facilities.  These non-exempt, hourly employees are employed by Defendants to assist in the
20  production of sheets of flat rolled steel.

21  19.     Defendants have a policy and practice of requiring non-exempt, hourly employees to
22  swipe-in at Defendants' Pittsburg, California plant and facilities at least six (6) minutes before the
23  beginning of their paid shifts.  During this time, non-exempt employees are expected to perform
24  various work-related activities, including, *inter alia*: swiping in using an electronic time card
25  system, donning and doffing various work-related protective equipment, performing "passdowns"
26  with employees from the previous shifts – whereby employees learn of any incidents or problems
27  that occurred during the prior shift – and walking and waiting to perform any of these required,

28

5

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1 pre-shift work activities. Yet, Defendants do not compensate their non-exempt, hourly employees
2 for the off-the-clock work they are required to perform before the beginning of their paid shifts.
3 Moreover, if non-exempt, hourly employees fail to swipe-in at least six (6) minutes before the
4 beginning of their paid shifts, Defendants have a policy and practice of deducting six (6) minutes
5 of pay from hourly employees' compensation for that particular day. For example, if a non-
6 exempt, hourly employee was scheduled to work an eight-hour shift from 3:00 P.M. to 11:00 P.M.,
7 but the employee did not swipe in until 2:57 P.M. – fewer than six (6) minutes before the
8 beginning of his scheduled shift – then Defendants have a policy and practice of deducting six (6)
9 minutes from the employee's daily compensation.

10 20. Defendants do not provide, authorize, permit, and/or make available to non-exempt
11 hourly employees bona fide meal and rest breaks. Defendants instead require their non-exempt,
12 hourly employees to work through their meal and rest breaks, depriving them of such breaks
13 entirely or, at best, causing such breaks to be interrupted by various work activities. At the same
14 time, Defendants require non-exempt, hourly employees to remain on the premises of Defendants'
15 Pittsburg, California plant and facilities during their meal breaks. As a direct result of these
16 policies and practices, non-exempt hourly employees do not receive, or have interrupted, the bona
17 fide meal and rest periods to which they are entitled under California law.

18 21. As a consequence of Defendants' failure to compensate its non-exempt, hourly
19 employees for all of the hours they have worked or to provide, authorize, permit, and/or make
20 available to them bona fide meal and rest periods, Defendants have failed to provide timely
21 compensation to members of the Class who ended their employment during the statutory period.

22 22. Defendants' unlawful conduct has been widespread, repeated, and consistent with
23 respect to non-exempt, hourly employees at Defendants' Pittsburg, California steel-processing
24 plant and facilities. Defendants knew or should have known that its policies and practices denied
25 Plaintiff and the Class full compensation for all hours worked, meal and rest periods, and full and
26 timely payment of wages upon termination or quit.

27

28

6

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1    23.    The conduct of Defendants, as set out above, has been willful and in bad faith, and

2    has caused significant damages to Plaintiff and to the Class.

3    24.    As a result of Defendants' policies and practices of denying Plaintiff and the Class

4    compensation, meal and rest periods, and full and timely payment of wages upon termination or

5    quit, Plaintiff and the Class are entitled to recover damages and restitution for each of these

6    violations of law, as set forth herein, as well as resulting statutory penalties and attorneys' fees and

7    costs.

8    ## ALLEGATIONS FOR CLASS ACTION

9    25.    Plaintiff brings this case as a class action on behalf of himself and all others

10   similarly situated pursuant to Federal Rule of Civil Procedure ("FRCP") 23. The Class that

11   Plaintiff seeks to represent is defined as follows:

12   all individuals employed as non-exempt, hourly employees
     at Defendants' steel-manufacturing plant and facilities in
13   Pittsburg, California at any time within the period of four
     years prior to the commencement of this action through the
14   date of judgment of this action.

15   26.    **Numerosity**: Defendants have employed hundreds of non-exempt, hourly

16   employees at their Pittsburg, California steel-processing plant and facilities during the applicable

17   statutory period. The potential members of the Class are therefore far too numerous to be

18   individually joined in this lawsuit.

19   27.    **Existence and Predominance of Common Questions:** There are questions of law

20   and fact common to Plaintiff and the Class that predominate over any questions affecting only

21   individual members of the Class. These common questions of law and fact include, without

22   limitation:

23   i.    Whether Defendants have violated and continue to violate the California Labor

24   Code and applicable Wage Orders;

25   ii.    Whether Defendants have engaged in a continuing policy, pattern, or practice of

26   requiring their non-exempt, hourly employees to work off-the-clock without pay

27   before the beginning of their shifts in violation of the California Labor Code;

28

7

iii. Whether Defendants have engaged in a continuing policy, pattern, or practice of not compensating their non-exempt, hourly employees for the pre-shift, off-the-clock work they perform in violation of the California Labor Code;

iv. Whether Defendants have engaged in a continuing policy, pattern, or practice of denying their non-exempt, hourly employees the bona fide meal and rest periods to which they are entitled in violation of California Labor Code §§ 226.7 and 512 and applicable Wage Orders;

v. Whether Defendants have engaged in a continuing policy, pattern, or practice of requiring their non-exempt, hourly employees to remain on-duty throughout meal and rest periods in violation of California Labor Code §§ 226.7 and 512 and applicable Wage Orders;

vi. Whether Defendants have violated California Labor Code §§ 201-203 by failing to pay their non-exempt, hourly employees the wages owing to them upon termination or quit;

vii. Whether Defendants' payroll policies and practices have violated the California Labor Code, applicable Wage Orders, and/or the California Unfair Competition Law by resulting in the provision of wage statements that do not accurately reflect employee earnings and/or other items listed in California Labor Code § 226(a) and applicable Wage Orders;

viii. Whether Defendants' policies and practices have constituted unlawful, unfair, or fraudulent business practices in violation of California Unfair Competition Law;

ix. The proper formula for calculating restitution, damages, and waiting time penalties owed to the Plaintiff and the Class as alleged herein.

28. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendants' common policies, practices, and course of conduct in violation of the law as alleged herein have caused Plaintiff and the Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

8

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

29.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff's interests do not conflict with the interests of the members of the class they seeks to represent. Plaintiff has retained counsel competent and experienced in complex employment class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

30.     **Superiority**: The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

31.     Plaintiff intends to send notice to all members of the Class to the extent required under applicable class action procedures.

32.     In the alternative, the Class may be certified because:

        a) the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and

        b) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

### FIRST CAUSE OF ACTION
### Failure to Compensate for All Hours Worked in Violation of
### California Labor Code §§ 204 and 1194
### (Against All Defendants)

33.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

9

*Cordy, et al. v. USS-Posco Industries, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE; THE CALIFORNIA INDUSTRIAL WELFARE
COMMISSION WAGE ORDERS; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1 | forth herein.

2 |     34.   California Labor Code § 204 provides that wages for all work performed must be

3 | paid "twice during each calendar month, on days designated in advance by the employer as the

4 | regular paydays."

5 |     35.   California Labor Code § 1194(a) provides as follows:

6 | Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable

7 | to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or ove

8 | rtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

9 |

10 |     36.   California Labor Code § 1194.2(a) provides as follows:

In any action under Section 1193.6 or Section 1194 to recover wages because of

11 | the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an

12 | amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for

13 | failure to pay overtime compensation.

14 |     37.   California Labor Code § 200 defines wages as "all amounts for labor performed by

15 | employees of every description, whether the amount is fixed or ascertained by the standard of time,

16 | task, piece, commission basis or other method of calculation."

17 |     38.   Defendants require Plaintiff and the Class to swipe-in at least six (6) minutes before

18 | the beginning of their paid shifts, during which time Plaintiff and the Class are expected to perform

19 | and do perform various work-related activities. During this time, Defendants require Plaintiff and

20 | the Class to perform pre-shift work activities, including, *inter alia*: swiping in using an electronic

21 | time card system, donning and doffing various work-related protective equipment, performing

22 | "passdowns" with employees from the previous shifts – whereby employees learn of any incidents

23 | or problems that occurred during the prior shift – and walking and waiting to perform any of these

24 | required, pre-shift work activities. However, Defendants do not compensate Plaintiff and the Class

25 | for this required pre-shift, off-the-clock work. Moreover, if Plaintiff and the Class do not clock-in

26 | at least six (6) minutes before the beginning of their paid shifts, then Defendants may deduct six

27 | (6) minutes of pay from the daily wages of Plaintiff and the Class. As a result, Defendants deny

28 |

10

1  Plaintiff and the Class compensation for hours worked.

2       39.    Defendants have knowingly and willfully refused to perform their obligations to

3  provide Plaintiff and the Class with compensation for all time worked as required by California

4  law. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and

5  deliberate intention of injuring Plaintiff and the Class, with improper motives amounting to malice,

6  and in conscious disregard of the rights of Plaintiff and the Class. Plaintiff and the Class are thus

7  entitled to recover nominal, actual, and compensatory damages in amounts according to proof at

8  time of trial.

9       40.    As a proximate result of the aforementioned violations, Defendants have damaged

10 Plaintiff and the Class in amounts to be determined according to proof at the time of trial, but in an

11 amount in excess of the jurisdictional requirements of this Court. Defendants are liable to Plaintiff

12 and the Class for the unpaid compensation with interest thereon, as well as liquidated damages in

13 an amount equal to the unpaid compensation with interest thereon. Furthermore, Plaintiff is

14 entitled to an award of attorneys' fees and costs as set forth below.

15      41.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

16

17
**SECOND CAUSE OF ACTION**
**Failure to Provide Meal and Rest Periods in Violation of**
**California Labor Code §§ 226.7 and 512; IWC Wage Orders 1-2001 and 17-2001**
18
**(Against All Defendants)**

19      42.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

20 forth herein.

21      43.    At all relevant times herein, California Labor Code §§ 226.7 and 512 and the

22 applicable IWC Wage Orders have required Defendants to provide, authorize, permit, and/or make

23 available meal and rest periods to their employees. Labor Code §§ 226.7 and 512 and the

24 applicable IWC Wage Orders prohibit employers from employing an employee for more than five

25 hours without providing, authorizing, permitting, and/or making available a meal period of not less

26 than thirty minutes in which the employee is completely relieved of all duties, and from employing

27 an employee for more than ten hours per day without providing, authorizing, permitting, and/or

28

11

*Cordy, et al. v. USS-Posco Industries, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE; THE CALIFORNIA INDUSTRIAL WELFARE
COMMISSION WAGE ORDERS; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

1  making available a second meal period of not less than thirty minutes in which the employee is
2  completely relieved of all duties. California Labor Code § 226.7 and the applicable IWC Wage
3  Orders also require employers to provide, authorize, permit, and/or make available to employees
4  ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees
5  during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal
6  period and ten-minute rest period, the employee is considered "on duty" and the meal and/or rest
7  period is counted as time worked under the applicable IWC Wage Orders.

8      44.    Under California Labor Code § 226.7(b) and the applicable IWC Wage Orders, an
9  employer who fails to provide, authorize, permit, and/or make available a required off-duty meal
10  period must, as compensation, pay the employee one hour of pay at the employee's regular rate of
11  compensation for each workday that the meal period was not provided. Similarly, an employer
12  must pay an employee denied a required off-duty rest period one hour of pay at the employee's
13  regular rate of compensation for each workday that the rest period was not provided.

14      45.    During the applicable statute of limitations period, Defendants failed to provide,
15  authorize, permit, and/or make available bona fide off-duty meal and rest periods to Plaintiff and
16  the Class. Defendants also failed to compensate Plaintiff and the Class one hour of pay at their
17  respective regular rates of pay for failing to provide, authorize, permit, and/or make available each
18  bona fide off-duty meal and rest period. As a result, Plaintiff and members of the Class are entitled
19  to the relief provided by California Labor Code § 226.7(b).

20      46.    Furthermore, Defendants required Plaintiff and the Class to perform work-related
21  activities during their meal and rest periods. Consequently, Defendants have knowingly and
22  willfully refused to perform their obligations to provide Plaintiff and the Class with the full meal
23  and rest periods to which they are entitled under California law. Defendants committed the acts
24  alleged herein with the wrongful and deliberate intention of injuring Plaintiff and the Class, with
25  improper motives amounting to malice, and in conscious disregard of the rights of Plaintiff and the
26  Class. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff
27  and the Class in amounts to be determined according to proof at the time of trial, but in an amount

28

12

1   in excess of the jurisdictional requirements of this Court. Plaintiff and the Class are thus entitled

2   to recover nominal, actual, and compensatory damages in amounts according to proof at time of

3   trial.

4        47.      Defendants' conduct described herein violates California Labor Code §§ 226.7 and

5   512, and the applicable Wage Orders, namely Wage Orders 1 and 17. Therefore, Plaintiff and the

6   Class are entitled to the relief provided in California Labor Code § 226.7(b), including damages,

7   restitution for the failure to provide meal and rest periods, plus interest, applicable civil penalties,

8   attorneys' fees, expenses, and costs of suit.

9        48.      Wherefore, Plaintiff and the Class request relief as hereinafter provided.

10

11

12

**THIRD CAUSE OF ACTION**
**Unpaid Wages and Waiting Time Penalties Pursuant to**
**California Labor Code §§ 201-203**
**(Against All Defendants)**

13       49.      Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

14  forth herein.

15       50.      California Labor Code § 201 provides:

16       If an employer discharges an employee, the wages earned and unpaid at the time of
         discharge are due and payable immediately.

17
         51.      California Labor Code § 202 provides:

18
         If an employee not having a written contract for a definite period quits his or her
19       employment, his or her wages shall become due and payable not later than 72
         hours thereafter, unless the employee has given 72 hours previous notice of his or
20       her intention to quit, in which case the employee is entitled to his or her wages at
         the time of quitting.

21
         52.      Class members have left Defendants' employment within the statutory period, at

22
    which time Defendants owed those Class members their earned wages. As a result of Defendants'

23
    failure to pay members of the class for all hours worked, and due to Defendants' failure to provide

24
    meal and rest periods, Defendants willfully refused and continue to refuse to pay to members of

25
    the Class all the wages that were due and owing them upon termination of employment. As a

26

27

28                                                    13

1   result of Defendants' actions, the Class has suffered and continues to suffer substantial losses,

2   including lost earnings and interest.

3       53.     Defendants' willful failure to pay Class members the wages due and owing them

4   constitutes a violation of California Labor Code §§ 201 and 202. As a result, Defendants are liable

5   to Plaintiff, on behalf of the Class, for all unpaid wages that should have been paid pursuant to

6   California Labor Code §§ 201 and 202, plus interest thereon.

7       54.     In addition, California Labor Code § 203 provides that an employee's wages will

8   continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, Class

9   members who left Defendants' employment during the statutory period are entitled to waiting time

10  penalties, plus interest thereon, pursuant to California Labor Code § 203.

11      55.     Plaintiff and the Class are also entitled to an award of attorneys' fees and costs as set

12  forth below.

13      56.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

14
                        **FOURTH CAUSE OF ACTION**
15      **Failure to Provide Itemized Wage Statements in Violation of**
             **California Labor Code § 226; IWC Wage Order 1-2001**
16                      **(Against All Defendants)**

17      57.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

18  forth herein.

19      58.     California Labor Code § 226(a) provides:

20      Every employer shall, semimonthly or at the time of each payment of wages, furnish each
        of his or her employees, either as a detachable part of the check, draft, or voucher paying
21      the employee's wages, or separately when wages are paid by personal check or cash, an
        accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
22      worked by the employee, except for any employee whose compensation is solely based on
        a salary and who is exempt from payment of overtime under subdivision (a) of Section 515
23      or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate
        units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4)
24      all deductions, provided that all deductions made on written orders of the employee may be
        aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the
25      period for which the employee is paid, (7) the name of the employee and his or her social
        security number, (8) the name and address of the legal entity that is the employer, and (9)
26      all applicable hourly rates in effect during the pay period and the corresponding number of
        hours worked at each hourly rate by the employee. The deductions made from payments of
27      wages shall be recorded in ink or other indelible form, properly dated, showing the month,

28                                          14

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY ʟʟᴘ

day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

59. Furthermore, Wage Order 1 provides, in pertinent part:

Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day, and year and shall be kept on file by the employer for at least three (3) years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

*See* 8 Cal. Code Regs. § 11010 (7).

60. California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff and the Class seek to recover actual damages, costs and attorneys' fees under this section.

61. Defendants have failed and continue to fail to provide timely, accurate itemized wage statements to Plaintiff and members of the Class in accordance with California Labor Code § 226(a) and the applicable Wage Order. Furthermore, the wage statements Defendants have provided to their employees, including Plaintiff and the Class, do not accurately reflect the actual hours worked and wages earned.

62. Defendants are liable to Plaintiff and the Class alleged herein for the amounts described above, in addition to civil penalties, with interest thereon. Furthermore, Plaintiff and the Class, are entitled to an award of attorneys' fees and costs as set forth below.

63. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

15

1

2

3

**FIFTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200, *et seq.***
**(Against All Defendants)**

4

5

64.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

6

7

8

65.     California Business and Professions Code §§ 17200 *et. seq.* (also referred to herein as the "Unfair Competition Law" or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

9

10

66.     California Business and Professions Code § 17204 allows a person injured by unfair business acts or practices to prosecute a civil action for violation of the Unfair Competition Law.

11

12

13

14

15

67.     California Labor Code § 90.5(a) states that it is the public policy of the State of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

16

17

18

19

68.     Beginning at an exact date unknown to Plaintiff, but at least since the date four (4) years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Competition Law, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

20

21

22

23

24

a.   violations of California Labor Code §§ 201-204

b.   violations of California Labor Code §§ 226.7, 510, 512, and 1194;

c.   violations of California Labor Code § 226; and

d.   violations of the provisions of Wage Orders 1 and 17 pertaining to meal and rest periods.

25

26

27

69.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers and requiring payment of wages for all work performed, providing workers with adequate meal and rest periods, and discouraging unfair labor practices,

28

16

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1  serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§

2  17200 *et. seq.*

3    70.    The acts and practices described above constitute unfair, unlawful and fraudulent

4  business practices, and unfair competition, within the meaning of Business and Professions Code

5  §§ 17200 *et. seq.*, in that, for the reasons set forth above, said acts and practices violate explicit

6  provisions of the California Labor Code and/or Wage Orders, including, without limitation, Wage

7  Orders 4 and 17. Defendants have obtained a significant unfair competitive advantage over law-

8  abiding employers and competitors and engaged in unfair competition, through its acts and

9  practices of denying Plaintiff and the Class full compensation for all hours worked and meal and

10  rest periods.

11    71.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

12  and the Class have suffered a loss of money and property, in the form of unpaid wages which are

13  due and payable to them.

14    72.    California Business and Professions Code § 17203 provides that a court may make

15  such orders or judgments as may be necessary to prevent the use or employment by any person of

16  any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to

17  prevent Defendants from repeating its unlawful, unfair and fraudulent business acts and business

18  practices alleged above.

19    73.    California Business and Professions Code § 17203 provides that the Court may

20  restore to any person in interest any money or property which may have been acquired by means of

21  such unfair competition. Plaintiff and the Class are entitled to restitution for all wages and

22  payments unlawfully withheld from employees during the four-year period prior to the filing of

23  this Complaint pursuant to California Business and Professions Code § 17203.

24    74.    California Business and Professions Code § 17202 provides: "Notwithstanding

25  Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty,

26  forfeiture, or penal law in a case of unfair competition." Plaintiff and the Class are entitled to

27

28

17

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1 | enforce all applicable penalty provisions of the California Labor Code pursuant to California

2 | Business and Professions Code § 17202.

3 | 75. Plaintiff's success in this action will enforce important rights affecting the public

4 | interest, and in that regard, Plaintiff sues on behalf of himself as well as others similarly situated.

5 | Plaintiff and the Class seek and are entitled to unpaid wages, restitution, any applicable civil

6 | penalties, declaratory and injunctive relief, and all other equitable remedies owing to them.

7 | 76. Plaintiff herein takes upon himself the enforcement of these laws and lawful claims.

8 | There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

9 | public right, and it would be against the interests of justice to penalize Plaintiff and the Class by

10 | forcing them to pay attorneys' fees from the recovery in this action. Plaintiff and the Class request

11 | an award of attorneys' fees, costs and expenses pursuant to Code of Civil Procedure § 1021.5 and

12 | as otherwise permitted by statute.

13 | 77. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

14 |

**SIXTH CAUSE OF ACTION**
**Penalties Pursuant to Section 2699(a) of the Private Attorneys General Act**
**(Against all Defendants)**

17 | 78. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

18 | forth herein.

19 | 79. California Labor Code § 2699(a) provides:

20 | Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought be an aggrieved employee on behalf of himself or herself and other current or former employees.

24 | 80. California Labor Code § 226.3 provides:

25 | Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in

28 |

18

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

subdivision (a) of Section 226. The civil penalties provided for in this section are **in addition to** any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake. (emphasis added).

81.     Plaintiff seeks civil penalties pursuant to California Labor Code § 2699(a) for each failure by Defendants to provide Plaintiffs and each Class member an accurate, itemized wage statement in compliance with California Labor Code § 226(a) in the amounts established by California Labor Code § 226.3. Plaintiffs seek such penalties in addition to the penalties available under California Labor Code § 226(e), as prayed for below.

82.     Prior to the filing of this complaint and pursuant to California Labor Code § 2699.3(a), Plaintiff gave written notice by certified mail to Defendants and to the Labor Workforce Development Agency (hereinafter "LWDA") of the factual and legal basis for the labor law violations alleged in this complaint. The LWDA failed to provide notice within 33 calendar days of the postmark date of Plaintiff's written notice that it has no intent to pursue the claims alleged in this Complaint. Therefore, pursuant to California Labor Code § 2699(a)(2), Plaintiff is entitled to commence a civil action under California Labor Code § 2699.

83.     Plaintiffs seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in California Labor Code § 2699(h).

84.     Defendants are liable to Plaintiff, the Class and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

85.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Penalties Pursuant to Section 2699(f) of the Private Attorneys General Act
### (Against all Defendants)

86.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

19

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY ᴸᴸᴾ

1 | forth herein.

2 | 87. California Labor Code § 2699(f)(2) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

88. To the extent than any violation alleged herein does not carry penalties under California Labor Code § 2699(a), Plaintiffs seek civil penalties pursuant to California Labor Code § 2699(f) for each Plaintiff and Class member for each pay period in which he or she was aggrieved, in the amounts established by California Labor Code § 2699(f)(2).

89. Prior to the filing of this complaint and pursuant to California Labor Code § 2699.3(a), Plaintiff gave written notice by certified mail to Defendants and to the Labor Workforce Development Agency (hereinafter "LWDA") of the factual and legal basis for the labor law violations alleged in this complaint. The LWDA failed to provide notice within 33 calendar days of the postmark date of Plaintiff's written notice that it has no intent to pursue the claims alleged in this Complaint. Therefore, pursuant to California Labor Code § 2699(a)(2), Plaintiff is entitled to commence a civil action under California Labor Code § 2699.

90. Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in California Labor Code §2699(h).

91. Defendants are liable to Plaintiff, the Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

92. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

Wherefore, Plaintiff and the Class pray for relief as follows:

1. For an order certifying this case as a class action, appointing Plaintiff Carl Cordy as the representative of the Class, and appointing Plaintiff's attorneys, Schneider Wallace Cottrell

20

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1  Brayton Konecky LLP and Brown Poore LLP, as Class Counsel;

2      2.      For a declaratory judgment that Defendants have violated the California Labor Code,

3  Wage Orders 1 and 17, and public policy as alleged herein;

4      3.      For a declaratory judgment that Defendants have violated Business and Professions

5  Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the California Labor Code,

6  applicable Wage Orders, and of California public policy protecting workers and prohibiting work

7  without full and proper compensation for work performed and adequate meal and rest periods;

8      4.      For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants,

9  their officers, agents and all those acting in concert with them, from committing in the future those

10  violations of law herein alleged;

11      5.      For an order awarding Plaintiff and the Class compensatory and liquidated, including

12  lost wages, earnings, and other employee benefits and all other sums of money owed to Plaintiff

13  and the Class, together with interest on these amounts, according to proof;

14      6.      For an equitable accounting to identify, locate and restore to all current and former

15  employees the restitution they are due, with interest thereon;

16      7.      For an award of restitution, according to proof, under the California Labor Code and

17  under California Business and Professions Code §§ 17200-17205;

18      8.      For an order imposing all statutory and/or civil penalties provided by law, including

19  but not limited to, penalties under California Labor Code §§ 201-203, 226(e), 226.3, 226.7,

20  2699(a) and (f) and under California Business and Professions Code § 17202, together with

21  interest on these amounts;

22      9.      Pre-judgment and post-judgment interest, as provided by law;

23      10.     For an award of reasonable attorneys' fees as provided by California Labor Code §§

24  218.5, 226(e), and 1194; California Code of Civil Procedure § 1021.5; and/or other applicable law;

25      11.     For all costs of suit; and

26      12.     For such other and further legal and equitable relief as this Court deems necessary,

27  just and proper.

28

21

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1                             Respectfully submitted,

2  Dated: February 2, 2012           SCHNEIDER WALLACE
                                 COTTRELL BRAYTON KONECKY, LLP

3

4                             BROWN | POORE LLP

5

6                           CAROLYN H. COTTRELL
                             Attorneys for Plaintiff and the Putative Class

22

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1          **DEMAND FOR JURY TRIAL**

2          Plaintiff, on behalf of himself and the Class, hereby demands a jury trial on all claims and

3     issues raised in the Complaint for which Plaintiff and the Class are entitled to a jury.

4

5                                                 Respectfully submitted,

6     February 2, 2012                             SCHNEIDER WALLACE
                                                   COTTRELL BRAYTON KONECKY LLP
7
                                                   BROWN | POORE LLP
8

9

10                                                 CAROLYN H. COTTRELL
                                                   Attorneys for Plaintiff and the Putative Class
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                        1
SCHNEIDER WALLACE                        *Cordy, et al. v. USS-Posco Industries, et al.*
COTTRELL BRAYTON                               DEMAND FOR JURY TRIAL
KONECKY LLP