TODD M. SCHNEIDER (SBN 158253)
CAROLYN H. COTTRELL (SBN 166977)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

SCOTT A. BROWN (SBN 177099)
BROWN | POORE LLP
1350 Treat Boulevard, Suite 400
Walnut Creek, California 94597
Telephone: (925) 943-1166
Facsimile: (925) 943-1164

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL CORDY, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> USS-POSCO INDUSTRIES, UNITED STATES STEEL CORPORATION, POSCO – CALIFORNIA CORPORATION, PITCAL, INC., and DOES 1 to 50 <br><br> Defendants. | Case No.:   3:12-cv-00553-JST <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF NOTICE OF SETTLEMENT, AND SETTING OF HEARING FOR FINAL APPROVAL; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> CLASS ACTION <br><br> Date: August 6, 2013 <br> Time: 2:00 pm <br> Courtroom: 9 <br> Judge: The Hon. Jon S. Tigar |

## MOTION

To all parties and their attorneys of record, please take notice that on August 6, 2013, at 2:00 p.m. in the United States District Court, Northern District of California, the Honorable Jon S. Tigar presiding, Plaintiff, Carl Cordy, hereby moves for an Order pursuant to Federal Rule of Civil Procedure ("FRCP") 23(e):

1.      Granting preliminary approval of the class-action Settlement Agreement attached as **Exhibit A** to this Motion;

2.      Appointing Heffler Claims Group as Claims Administrator and preliminarily approving the costs of claims administration;

3.      For purposes of settling this lawsuit, provisionally certifying the following Settlement Class pending final approval of the settlement:

> all individuals employed as non-exempt, production and maintenance ("P&M") employees by Defendant at Defendants' steel-manufacturing plant and facilities in Pittsburg, California at any time from four years prior to the filing of the February 2, 2012 Complaint ("Complaint") to the date of entry of preliminary approval of the Settlement Agreement except that it will not include any member who files a timely request for exclusion as provided in the Settlement Agreement.  The individuals who do not request exclusion will be "Eligible Class Members."

4.      Appointing Plaintiff Carl Cordy as the representative of the Settlement Class;

5.      Approving Todd M. Schneider, Carolyn H. Cottrell and Schneider Wallace Cottrell Konecky LLP, and Scott Brown and Brown | Poore LLP as class counsel ("Class Counsel") for Class Members for the Settlement Class;

6.      Approving the form of Class Notice attached as **Exhibit B** to this Motion;

7.      Approving the terms of the request for permanent injunction attached as **Exhibit C** to this Motion; and

8.      Approving the proposed schedule and procedure for completing the final approval process as set forth in the Settlement Agreement.

9.      Preliminarily approving Class Counsel's request for attorneys' fees to be paid from the Gross Settlement Amount not to exceed thirty-three percent (33%) of the Gross Settlement Amount);

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Carolyn H. Cottrell in Support of the Motion, Declaration of Scott Brown in Support of the Motion, and all other records, pleadings and papers on file in this action and such other evidence or argument as may be presented to the Court at the hearing on the Motion.

Defendant USS-POSCO Industries does not oppose this Motion.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................. 1

II.  PROCEDURAL HISTORY.................................................. 2

    A.   PLAINTIFF'S CLAIMS ................................................ 2

    B.   DISCOVERY............................................................... 4

    C.   MEDIATION ............................................................... 5

III. CLASS ACTION SETTLEMENT APPROVAL PROCEDURE ......................................... 5

IV.  TERMS OF THE SETTLEMENT ...................................... 6

    A.   BASIC TERMS ........................................................... 6

    B.   MOTION FOR CLASS COUNSEL'S FEES AND COSTS ..................................... 7

    C.   SETTLEMENT AWARDS FOR PARTICIPATING SETTLEMENT CLASS MEMBERS ................ 7

    D.   ADMINISTRATION OF SETTLEMENT ................................ 7

    E.   UNCLAIMED FUNDS ................................................. 8

V.   THE COURT SHOULD GRAND PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AND SCHEDULE A FAIRNESS HEARING ............................. 9

    A.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE .......... 9

        1.   The Terms of the Proposed Settlement are Fair, Reasonable and Adequate ...... 10

        2.   The Settlement was Reached after Extensive Investigation, Discovery, and Analysis of the Class Claims ............ 11

        3.   Litigation of this Action Not Only Would Delay Recovery, but Would be Expensive, Time Consuming, and Would Involve Substantial Risk................ 11

        4.   The Proposed Settlement is Well Within the Range of Reasonableness ........... 12

        5.   Class Counsel are Experienced Class Action Litigators .................... 13

        6.   Defendant Would Continue to Contest Liability on All Issues.......................... 13

    B.   PLAINTIFF CORDY'S REQUEST FOR AN ENHANCEMENT AWARD FOR HIS SERVICE TO THE CLASS IS REASONABLE .............. 15

    C.   THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE ... 16

1

VI.  PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS
     APPROPRIATE..............................................................................................18

     A.   CLASS CERTIFICATION IS PROPER UNDER FRCP 23(A)..............................18

          1.   The Class is so Numerous that Joinder is Impracticable.....................18

          2.   Common Questions of Law and Fact Predominate...........................18

          3.   Plaintiff's Claims are Typical of Those of the Class .........................19

          4.   Plaintiff and his Counsel are Adequate Representatives of the Class.................20

     B.   CLASS CERTIFICATION IS PROPER UNDER FRCP 23(B)(3)..........................21

VII. THE PROPOSED NOTICE PROVIDES ADEQUATE NOTICE TO THE CLASS AND
     SUFFICIENT DUE PROCESS ..........................................................................21

VIII. THE PROPOSED SCHEDULING ORDER ......................................................23

IX.  CONCLUSION.............................................................................................24

# TABLE OF AUTHORITIES

## CASES

*Amchem Products, Inc. v. Windsor*
    521 U.S. 591 (1997)................................................................................................18

*Barela v. Ralph's Grocery Company*
    (Los Angeles Super. Ct., No. BC070061, June 5, 1998).....................................17

*Big Lots Overtime Cases*
    (San Bernardino Super. Ct., JCC Proceeding No. 4283, February 4, 2004) ..............17

*Blum v. Stenson*
    465 U.S. 886 (1984)................................................................................................16

*Churchill Village LLC v. General Electric*
    361 F.3d 566 (9th Cir. 2004) ................................................................................21

*Class Plaintiffs v. City of Seattle*
    955 F.2d 1268 (9th Cir. 1992) .................................................................................9

*Cotton v. Hinton*
    559 F.2d 1326 (5th Cir. 1977) ...............................................................................12

*Davis v. The Money Store, Inc.*
    (Sacramento Super. Ct., No. 99AS01716, December 26, 2000) ............................17

*Ellmore v. Ditech Funding Corp.*
    (C.D. Cal., No. SAVC 01-0093, Sept. 12, 2002).................................................17

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*
    137 F.R.D. 240 (S.D.Ohio 1991) ...........................................................................15

*Fischel v. Equitable Life Assur. Society of U.S.*
    307 F.3d 997 (9th Cir. 2002) ..................................................................................17

*Fry v. Hayt, Hayt & Landau*
    198 F.R.D. 461 (E.D.Pa. 2000).................................................................18, 19, 20

*General Tel. Co. of S.W. v. Falcon*
    457 U.S. 147 (1982)................................................................................................19

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ........................................................................passim

*Hughes v. Microsoft*
    2001 U.S. Dist. LEXIS 5976 (W.D. Wash. 2001).................................................15

*In re Activision Sec. Litig.*
    723 F. Supp. 1373 (N.D. Cal. 1989) ......................................................................16

3

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

*In re General Motors Corp.*
    55 F.3d 768 (3d Cir. 1995) ............................................................................................ 9

*In re Mego Fin. Corp. Sec. Litig.*
    213 F.3d 454 (9th Cir. 2000) ........................................................................................ 12

*In re Michael Milken & Assoc. Sec. Litig.*
    150 F.R.D. 57 (S.D.N.Y. 1993) ..................................................................................... 10

*In Re Southern Ohio Correctional Facility*
    175 F.R.D. 270 (S.D.Ohio 1997) .................................................................................. 15

*In re Tableware Antitrust Litig.*
    484 F.Supp.2d 1078 (N.D.Cal. 2007) ............................................................................ 9

*In re Washington Public Power Supply Sys. Sec. Litig.*
    19 F.3d 1291 (9th Cir. 1994) ........................................................................................ 17

*Ingram v. The Coca-Cola Co.*
    200 F.R.D. 685 (N.D.Ga. 2001) ................................................................................... 15

*Knight v. Red Door Salons, Inc.*
    2009 WL 248367 (N.D. Cal. 2009) ............................................................................... 16

*Lealao v. Beneficial Cal., Inc.*
    82 Cal. App. 4th 19 (2000) ........................................................................................... 16

*Lerwill v. Inflight Motion Pictures, Inc.*
    582 F.2d 507 (9th Cir. 1978) ........................................................................................ 20

*Linney v. Cellular Alaska Partnership*
    151 F.3d 1234 (9th Cir. 1998) ...................................................................................... 12

*Melendres v. City of Los Angeles*
    45 Cal. App. 3d 267 (Ct. App. 1975) ............................................................................ 16

*Mendoza v. U.S.*
    623 F.2d 1338 (9th Cir. 1980) ...................................................................................... 21

*Milstein v. Werner*
    57 F.R.D. 515 (S.D.N.Y. 1972) ..................................................................................... 12

*Miskell v. Automobile Club of Southern California*
    (Orange County Super. Ct., No. 01CC09035, May 27, 2003) ..................................... 17

*Nat'l Rural Telecomms. Coop. v. DIRECTV Inc.*
    221 F.R.D. 523 (C.D.Cal. 2004) .................................................................................... 9

*Officers for Justice v. Civil Serv. Comm'n*
    688 F.2d 615 (9th Cir. 1982) ........................................................................................ 12

*Pigford v. Glickman*
    185 F.R.D. 82 (D.D.C. 1999) ......................................................................................... 9

*Powers v. Eichen*
   229 F.3d 1249 (9th Cir. 2000) ...................................................................................... 16

*Reed v. General Motors Corp.*
   703 F.2d 170 (5th Cir. 1983) ........................................................................................ 10

*Regino Primitivo Gomez, et al. v. H&R Gunlund Ranches, Inc.*
   2011 WL 5884224, No. CV F 10–1163 LJO MJS. (E.D. Cal. 2011) .......................... 16

*Roberts v. Texaco*
   979 F.Supp. 185 (S.D.N.Y. 1997) ................................................................................ 15

*Schwartz v. Dallas Cowboys Football Club*, Ltd.
   157 F.Supp.2d 561 (E.D.Pa. 2001) ................................................................................ 9

*Sconce/Lamb Cremation Cases*
   (Los Angeles Super. Ct., JCC Proceeding No. 2085, March 24, 1992) ...................... 17

*Six (6) Mexican Workers v. Ariz. Citrus Growers*
   904 F.2d 1301 (9th Cir. 1990) ...................................................................................... 16

*Staton v. Boeing Co.*
   327 F.3d 938 (9th Cir. 2003) ........................................................................................ 16

*Valentino v. Carter-Wallace, Inc.*
   97 F.3d 1227 (9th Cir. 1996) ........................................................................................ 18

*Van Vranken v. Atlantic Richfield Co.*
   901 F.Supp. 294 (N.D.Cal. 1995) ................................................................................ 15

*Vasquez v. Coast Valley Roofing*
   266 F.R.D. 482 (E.D. Cal. 2010) .................................................................................. 16

*Vizcaino v. Microsoft Corp.*
   290 F. 3d 1043 (9th Cir. 2002) ...................................................................................... 17

*Wren v. RGIS Inventory Specialists*
   WL 1230826 (N.D.Cal.,2011) ...................................................................................... 16

*Yap v. Sumitomo Corp.*
   1991 WL 29112 (S.D.N.Y. 1991) ................................................................................ 16

## STATUTES

California Business and Professions Code § 17200 ........................................................ 2

Labor Code § 226 ..................................................................................................... 3, 20

Private Attorneys General Act of 2004 §2699 (f) .......................................................... 1

Private Attorneys General Act of 2004 §2699(a) ........................................................... 1

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

**REGULATIONS**

Cal. Code Regs. Tit. 8, § 13520 ................................................................................. 14

**RULES**

FRCP 23(a) ............................................................................................................. 18, 21

FRCP 23(a)(1) ............................................................................................................... 18

FRCP 23(a)(2) ......................................................................................................... 18, 19

FRCP 23(a)(3) ............................................................................................................... 19

FRCP 23(a)(4) ............................................................................................................... 20

FRCP 23(b) ............................................................................................................. 18, 21

FRCP 23(b)(3) ......................................................................................................... 18, 21

FRCP 23(c)(1) ............................................................................................................... 18

FRCP 23(c)(2)(B) ......................................................................................................... 22

FRCP 23(e) ............................................................................................................ 5, 9, 21

FRCP 23(h) ........................................................................................................... 2, 7, 22

**OTHER AUTHORITIES**

5 Moore Federal Practice, § 23.85 (Matthew Bender 3d ed.) ........................................ 9

Alba Conte & Herbert Newberg, Newberg on Class Actions  § 8.39 (4th ed. 2002) .................... 23

Alba Conte & Herbert Newberg, Newberg on Class Actions  § 11:26 (4th ed. 2002) ................... 6

Alba Conte & Herbert Newberg, Newberg on Class Actions § 11:24 (4th ed. 2002) ............. 5, 23

Alba Conte & Herbert Newberg, Newberg on Class Actions § 8.21 (4th ed. 2002) .................... 23

Alba Conte & Herbert Newberg, Newberg on Class Actions § 8.39 (4th ed. 2002) .................... 22

Manual for Complex Litigation § 21.63 (4th ed. 2004) .................................................... 5

Manual for Complex Litigation § 21.311 (4th ed. 2004) ................................................. 23

Manual for Complex Litigation § 21.312 (4th ed. 2004) ........................................... 22, 23

Manual for Complex Litigation § 21.632 (4th ed. 2004) ................................................ 10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

Manual for Complex Litigation § 30.41 (4th ed. 2004) ....................................................................9

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

## I.    <u>INTRODUCTION</u>

Plaintiff Carl Cordy ("Plaintiff), individually and on behalf of the putative class, seeks preliminary approval of the settlement of this class action against USS-POSCO Industries ("UPI" or "Defendant"). Through this class-action settlement, the parties are resolving numerous claims that almost certainly never would have been prosecuted as individual actions, and in so doing provide substantial benefit to the members of the class.

Plaintiff filed this class action in the United States District Court Northern District of California on February 2, 2012.  Plaintiff alleged that Defendant's had policies and/or practices of (1) denying P&M employees compensation for all hours worked; (2) denying P&M employees bona fide meal and rest periods (and refusing to pay mandated premium pay for missed breaks, as required by California law); (3) failing to provide P&M employees with itemized wage statements; and (4) failing to timely pay P&M employees' wages upon termination or resignation. Plaintiff also included claims for penalties pursuant to §§ 2699(a) and (f) of the Private Attorneys General Act ("PAGA").  Defendant denied all of Plaintiff's claims and presented more than 40 declarations from the putative class members supporting Defendant's defenses.

After mediation before Jeffrey Krivis, an experienced and respected wage-and-hour mediator, and extensive arm's-length negotiations between their counsel, the parties have reached a class-wide settlement of this dispute.  The basic terms of the proposed Settlement Agreement are as follows:

1.  Defendant shall pay $3,500,000 as the Gross Settlement Amount;

2.  No portion of the Gross Settlement Amount will revert to Defendant;[1]

3.  Approximately $2,170,658 will be available for distribution to Settlement Class
Members (not counting the $125,000 set aside for late claims and expenses), which

---

[1] If any portion of the Hold-Back Fund has not been distributed within one hundred and twenty (120) days following the mailing of the individual Settlement Awards distributions, the remainder may be used to reimburse Defendant for a portion of the employer-side payroll taxes incurred during the settlement process, not to exceed the residual of the Hold-Back Fund.  *See* Exhibit A, at ¶8D.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

amounts to an average of approximately $3,375 per Settlement Class Member (assuming 100% participation in the settlement—if less than 100% of Settlement Class Members participate, the average payment will be even higher);

4.   Plaintiff requests that an enhancement award of $8,000 be awarded from the Gross Settlement Amount to Plaintiff Carl Cordy who was instrumental in assisting Class Counsel in prosecuting this action and functioned as a representative of the Settlement Class;

5.   Class Counsel will seek, in a separate motion under Federal Rule of Civil Procedure ("FRCP") 23(h), an award of attorneys' fees to be paid from the Gross Settlement Amount (the Settlement Agreement provides that Class Counsel may seek an award not to exceed thirty-three percent (33%) of the Gross Settlement Amount;

6.   Plaintiff requests, and Defendant does not oppose, the reimbursement of costs to Class Counsel from the Gross Settlement Amount. The costs incurred by Class Counsel to date are $52,105;

7.   Heffler Claims Group ("Heffler") an experienced class-action settlement administrator has estimated that its fees and costs to administer the settlement will be $16,342, which will be paid from the Gross Settlement Amount.

The proposed Settlement Agreement satisfies all of the criteria for preliminary settlement approval under federal law and falls well within the range of reasonableness. Accordingly, Plaintiff requests that the Court grant preliminary approval of the proposed settlement, provisionally certify a settlement class, schedule a final approval hearing, and approve the proposed schedule for relevant dates and deadlines regarding the administration of the settlement.

## II.   **PROCEDURAL HISTORY**

### A.   **PLAINTIFF'S CLAIMS**

Plaintiff alleges that USS-POSCO Industries ("UPI") has engaged in numerous violations of the California Labor Code, the California Business and Professions Code §§ 17200, *et seq*.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

1   ("Unfair Competition Law" or "UCL"), and applicable California Industrial Welfare Commission

2   Wage Orders.  These allegations include that UPI denied P&M employees compensation for all

3   hours worked, denied P&M employees bona fide meal and rest periods, failed to provide P&M

4   employees with statutorily compliant itemized wage statements, and failed to timely pay P&M

5   employees' wages upon termination or resignation.  Plaintiff's specific allegations are as follows:

6        Plaintiff alleges that Defendant only pays P&M employees at its Pittsburg, California steel

7   finishing plant[2] for the work performed at their work areas during their scheduled shift.  In other

8   words, Plaintiff alleges that Defendant's compensation scheme fails to compensate P&M

9   employees for the time between the P&M employees' first principal activity of the day and their

10  last principal activity of the day including donning and doffing personal protective equipment

11  ("PPE")[3] and swiping in at time clocks at least 6 minutes before the P&M employees' scheduled

12  shifts commence.  In addition, Plaintiff alleges that Defendant failed to provide wage statements

13  that comply with Labor Code § 226.  Finally, Plaintiff alleges that Defendant denies P&M

14  employees meal and rest breaks and fails to pay premium pay for these missed meal and rest

15  breaks.

16       Defendant denied Plaintiff's allegations and vigorously litigated the case, including the

17  collection and production of 40 declarations from putative class members that support UPI's

18  defenses.  Defendant also disputed the legal claims and Plaintiff's view on comparable time, as

19  well as his ability to represent a class of P&M employees given the individualized nature of

20  Plaintiff's work experience at UPI.

21

22

23

24  [2] Defendant operates a steel finishing plant in Pittsburg, California where cold rolled, galvanized and tin mill products are manufactured from hot rolled steel. The facility has four divisions which are staffed by hourly non-exempt P&M employees, namely Tin, Rolling, Sheet and Reliability (maintenance).

25  [3] Some P&M employees may wear and use:  hard hats, hearing protection, eye protection, metatarsal foot protection, long sleeved shirts, flash and fire resistant uniforms, Kevlar gloves, Kevlar wristlets, Kevlar glove inserts, hot mill

26  glove inserts, hot work gloves, acid resistant gloves, latex gloves, leather gloves, gloves with cotton pads, safety locks and tags, protective aprons and suits, face shields, respirators, dust masks, safety harnesses, high visibility vests,

27  monogoggles, rubber boots.

28  PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
    SETTLEMENT
    *Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

## B.     DISCOVERY

This class-action settlement is the result of protracted, arm's-length negotiations based on a comprehensive investigation of the facts and law, including the exchange of significant amounts of information pursuant to formal and informal discovery.  Class Counsel and counsel for Defendant have engaged in extensive discovery, including exchanging tens of thousands of documents regarding the claims at issue, personnel files, and time and pay records for the entire class. The parties deposed twenty individuals, including the deposition of named Plaintiff Carl Cordy, Defendant's corporate designees and management employees, and putative class members. Declaration of Carolyn Cottrell in Support of Plaintiff's Motion for Preliminary Approval ("Cottrell Decl.") at ¶8.  Class Counsel interviewed dozens of Settlement Class Members regarding their work experiences while in the employ of Defendant.  Class Counsel made a thorough study of the legal principles applicable to the claims asserted against Defendants. Cottrell Decl. at ¶8.

## A.     DAMAGES ANALYSIS

Plaintiff's counsel based their damages analysis on: (a) the interviews they conducted of Settlement Class Members in anticipation of the class certification and mediation, (b) the information provided by Defendant regarding the number of Settlement Class Members, and (c) the time and pay records of the Settlement Class Members.[4]  Cottrell Decl. at ¶9.  Based on the number of Settlement Class Members, the amounts of off-the-clock time allegedly worked, the number of meal and rest periods allegedly missed, and the alleged Section 226 wage statement violations, Class Counsel was able to create a rough estimate of the damages that would result if Plaintiff were to prevail on all of his claims at trial.  This analysis provided a starting point for negotiations.  The final settlement amount takes into account the substantial risks inherent in any

---

[4] According to Defendant's records, there are 643 class members.

4

class action wage-and-hour case, as well as the specific defenses asserted by Defendant, many of which were supported by the declarations gathered by UPI.  *Id.*

### C.    MEDIATION

The parties mediated this dispute on March 26, 2013, before Jeffrey Krivis, a respected and experienced wage and hour mediator. After the mediation, counsel for the parties continued their arm's-length negotiations and eventually reached a class-wide settlement subject to the Court's approval.  Cottrell Decl. at ¶6.

### III.   CLASS ACTION SETTLEMENT APPROVAL PROCEDURE

A class action may not be dismissed, compromised, or settled without the approval of the court. *See* FRCP 23(e). There are typically three distinct steps for approval of class-action settlements:

1.    Preliminary approval of the proposed settlement after submission of a written motion for preliminary approval, the proposed class-action settlement, and the proposed Class Notice;

2.    Publishing the notice of the settlement and/or mailing the notice of the settlement to all Settlement Class Members; and

3.    A final settlement approval hearing where Settlement Class Members may be heard regarding the settlement, and where evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

This procedure commonly is used for approval of class actions under federal law. *See* ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS, §1 1 :24, *et seq.* (4th Ed. 2002); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.63 (2004) (endorsing the three-step process as a way to safeguard class members' procedural due process rights and enable the court to fulfill its role as the guardian of the interests of the class).

With this motion, Plaintiff requests that the Court take the first step in the settlement approval process and grant preliminary approval of the proposed Settlement Agreement. The

1   purpose of the Court's preliminary evaluation of the proposed settlement is to determine whether it

2   is within the "range of reasonableness" and, thus, whether notice to the Class of the terms and

3   conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. *See*

4   CONTE & NEWBERG at § 11:26. As set out in more detail below, the settlement herein is based

5   on arm's-length negotiations and the evaluation of extensive informal and formal discovery.

6   Furthermore, the settlement provides all the required due process protections to the class and

7   substantial monetary recovery. In sum, the proposed settlement is fair, reasonable, and adequate.

8   **IV.   TERMS OF THE SETTLEMENT**

9       **A.   BASIC TERMS**

10       The class-action Settlement Agreement provides for a total settlement payment of

11   $3,500,000. The Gross Settlement amount shall be used to satisfy (i) settlement awards to the

12   Class Members; (ii) claims-administration fees[5]; (iii) Plaintiff's enhancement payment[6]; (iv)

13   payment of $25,000 to the Labor Workforce Development Agency ("LWDA"); (v) payment to a

14   $125,000 Hold-Back Fund for resolution of disputed late claims and unanticipated expenses; and

15   (vi) attorneys' fees and costs[7].  No amount of the settlement payment will revert to Defendant.[8]

16   Defendant will pay the employer's share of payroll taxes for those Settlement Class Members who

17   submit a valid and timely claim. The release of claims is limited to those claims that arise from the

18   allegations contained in Plaintiff's Complaint.

19

20

21

22

23

---

24   [5] The cost of settlement administration is estimated to be $16,342.
     [6] The Settlement Agreement provides that Class Counsel may request an enhancement award of $8,000 to named

25   Plaintiff, Carl Cordy.
     [7] Not to exceed $1,155,000 (33% of the total Gross Settlement).

26   [8] If any portion of the Hold-Back Fund has not been distributed within one hundred and twenty (120) days following
     the mailing of the individual Settlement Awards distributions, the remainder may be used to reimburse Defendant for a

27   portion of the employer-side payroll taxes incurred during the settlement process, not to exceed the residual of the
     Hold-Back Fund.  *See* **Exhibit A**, at ¶8D.

28

### B.   MOTION FOR CLASS COUNSEL'S FEES AND COSTS

In a separate motion under FRCP 23(h), Class Counsel will seek fees of no more than thirty-three percent (33%) of the Gross Settlement Amount, and costs in the amount of $$52,105. [9]

### C.   SETTLEMENT AWARDS FOR PARTICIPATING SETTLEMENT CLASS MEMBERS

The net amount to be paid to Settlement Class Members totals approximately $2,170,658 (not including the Hold-Back Fund of $125,000 withheld for the payment of late claims). This provides an average of $3,375 per class member, assuming 100% participation in the settlement. Settlement Awards will be based on the number of weeks worked by each Settlement Class Member, so that a Settlement Class Member's Settlement Award corresponds to the percentage of weeks he or she worked for Defendant in comparison to the total weeks worked by all Settlement Class Members. If not all Settlement Class Members participate in the settlement, the funds will be redistributed pro rata to those who do participate, thus making the average payout for participating Settlement Class Members even higher.  Cottrell Decl. at ¶11.

### D.   ADMINISTRATION OF SETTLEMENT

In the Settlement Agreement, the parties have agreed to use Heffler to administrator the settlement. Defendant will provide Heffler with a list of Settlement Class Member names and contact information within fifteen (15) days of preliminary approval. Heffler has twenty (20) business days after receiving the list of Settlement Class Members to calculate the estimated settlement award for each Settlement Class Member, and to mail the Class Notice (attached as **Exhibit B**) to the Settlement Class Members via first-class mail. Before mailing, Heffler will update the contact information using various databases, including the National Change of Address search provided by the United States Postal Service. Heffler will perform address searches on returned mail and will re-mail the Class Notice to an updated address within fifteen (15) days of

---

[9] Class Counsel's collective lodestar is nearly $900,000.  Cottrell Decl. at ¶18; Declaration of Scott Brown in Support of Plaintiff's Motion for Preliminary Approval  ("Brown Decl.") at ¶12.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

receipt of the returned mail.  Should any Class Notices be returned as undeliverable, Heffler will re-mail them to the forwarding address attached or, if no forwarding address is attached, to an updated address obtained through use of the databases described above within five (5) business days after Heffler receives notice that the Class Notice was undeliverable.  In an effort to obtain current addresses, Heffler shall also call last-known telephone numbers of Settlement Class Members whose Class Notice is returned as non-deliverable.

Settlement Class Members will have forty-five (45) days from the date the Class Notices are mailed to postmark requests for exclusion (also referred to as "opt-outs") or objections to the settlement.   The opt-outs must be completed in their entirety in accordance with all instructions set forth in the Class Notice.  Settlement Class Members who opt-out will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement.

All Settlement Class Members who have not requested exclusion will receive a payment from the Net Settlement Fund.  If a Settlement Class Member submits an objection to the settlement award, that objection will be addressed by Heffler by reference to the workweek records provided by Defendant.  If the objection cannot be resolved by reference to the records, both parties must agree to a proposed resolution.  An amended Class Notice will be sent to the Class Member.  The Class Member may accept the proposed resolution or opt-out.  A $125,000 Hold-Back Fund will pay Settlement Class Members' disputed and/or late claims.

### E.  UNCLAIMED FUNDS

Settlement Award checks that remain uncashed after 180 days, shall be distributed in equal amounts to Legal Aid Society-Employment Law Center and the Juvenile Diabetes Research Foundation as the *cy pres* recipients.

V.   **THE COURT SHOULD GRAND PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AND SCHEDULE A FAIRNESS HEARING**

A.   **PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

FRCP 23(e) requires judicial approval for any compromise of claims brought on a class-wide basis. Although approval of class settlements lies within the discretion of the Court, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), this discretion is constrained by the "principle of preference" favoring and encouraging settlements in appropriate cases. *See, e.g., Pigford v. Glickman*, 185 F.R.D. 82, 103 (D.D.C. 1999). A court's decision to approve a class action settlement may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon*, 150 F.3d at 1026; *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

FRCP 23(e) sets forth a "two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (*citing* MANUAL FOR COMPLEX LITIG. at § 30.41). Final approval is warranted where the settlement is "fundamentally fair, adequate, and reasonable." Id. (*quoting* 5 MOORE FEDERAL PRACTICE, § 23.85 (Matthew Bender 3d ed.)).

"The preliminary determination establishes an initial presumption of fairness." *In re General Motors Corp.*, 55 F.3d 768, 784 (3d Cir. 1995). Preliminary approval of a settlement and notice to the proposed class is appropriate:

> [i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval[.]

*In re Tableware Antitrust Litig.,* 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (*quoting Schwartz v. Dallas Cowboys Football Club*, Ltd., 157 F.Supp.2d 561, 570, n.12 (E.D. Pa. 2001)); *see also* MANUAL FOR COMPLEX LITIG. at § 30.41 (preliminary approval is warranted "if the

9

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval"); *Hanlon*, 150 F.3d at 1027 (the court's task is to "balance a number of factors," including "the risk, expense, complexity, and likely duration of further litigation," "the extent of discovery completed and the stage of the proceedings," and "the amount offered in settlement"). The opinion of experienced counsel supporting the settlement is entitled to considerable weight in a court's evaluation of a proposed settlement. *See In re Michael Milken & Assoc. Sec. Litig.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiating at arm's length cannot be gainsaid. Lawyers know their strengths and they know where the bones are buried.").

### 1.    The Terms of the Proposed Settlement are Fair, Reasonable and Adequate

For preliminary approval, a court makes an initial evaluation of the fairness, reasonableness, and adequacy of the proposed settlement on the basis of information already known, supplemented as necessary by briefs, motions, or information presented by the settling parties. *See* MANUAL FOR COMPLEX LITIG. at § 21.632. A court must ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027.

A preliminary review of the Settlement Agreement reveals the fairness, reasonableness, and adequacy of its terms. The Net Settlement Amount of $2,170,658, derived from a Gross Settlement Amount of $3,500,000, will result in fair and just relief to all Settlement Class Members. Cottrell Decl. at ¶12 . The result is not only well within the reasonable standard, but Class Counsel believe quite reasonable when considering the difficulty and risks presented by pursuing further litigation. *Id.*

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

### 2. The Settlement was Reached after Extensive Investigation, Discovery, and Analysis of the Class Claims

The proposed Settlement was reached after a mediation and extensive arm's-length negotiations between counsel for the parties. As described above, prior to the mediation, Class Counsel extensively investigated the applicable law as applied to the facts discovered regarding the claims asserted in this action, and the potential defenses thereto. This included dozens of interviews of Settlement Class Members, the exchange of tens of thousands of documents and analysis, and twenty depositions. Cottrell Decl. at ¶7; Declaration of Scott Brown in Support of Plaintiff's Motion for Preliminary Approval ("Brown Decl.")at ¶9. The settlement amount is based on an extensive review of the facts and law and a consideration of the legal arguments, as well as the declarations and other evidence presented by UPI's counsel.

In reaching the settlement, Class Counsel relied on their substantial litigation experience in similar employment class actions, and a thorough analysis of the legal and factual issues presented in this case. Class Counsel's liability and damages evaluation was premised on a careful and extensive analysis of the effects of Defendant's compensation policies and practices on Settlement Class Members' pay. The settlement negotiations were facilitated and supervised by Jeffrey Krivis, an experienced mediator with expertise in the resolution of wage-and-hour disputes. Cottrell Decl. at ¶6.

### 3. Litigation of this Action Not Only Would Delay Recovery, but Would be Expensive, Time Consuming, and Would Involve Substantial Risk

If this case were to go to trial as a class action, Class Counsel estimates that fees and costs would exceed $2,000,000. Cottrell Decl. at ¶16. Litigating the class action claims would require substantial additional preparation and discovery. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. In contrast, resolving this case by means of an early settlement will yield a prompt,

1    certain, and very substantial recovery for the Settlement Class. Such a result will benefit the

2    parties and the court system. *Id.*

3           **4.    The Proposed Settlement is Well Within the Range of Reasonableness**

4           The Settlement Agreement creates a Net Settlement Amount estimated to be worth

5    $2,170,658 for the 643 members of the Settlement Class, exclusive of attorneys' fees and costs, the

6    Hold-Back Fund, administrative costs, the enhancement award to the named Plaintiff, and

7    payment to the LWDA. The average Settlement Class Member award—assuming 100%

8    participation in the settlement—will be approximately $3,375.  If fewer than 100% of Settlement

9    Class Members participate, each Settlement Class Member's award will be even higher. No money

10   will revert to the Defendant. This is a substantial recovery that easily falls within the range of

11   reasonableness for settlement approval. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454,

12   459 (9th Cir. 2000) ("It is well-settled law that a cash settlement amounting to only a fraction of

13   the potential recovery does not per se render the settlement inadequate or unfair.") (*quoting*

14   *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982)).  It is equally well-

15   settled that a proposed settlement is not to be measured against a hypothetical ideal result that

16   might have been achieved. *See, e.g., Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242

17   (9th Cir. 1998) ("This court has aptly held that it is the very uncertainty of outcome in litigation

18   and avoidance of wasteful and expensive litigation that induce consensual settlements.  The

19   proposed settlement is not to be judged against a hypothetical or speculative measure of what

20   might have been achieved by the negotiators.") (internal quotations omitted); *Cotton v. Hinton*,

21   559 F.2d 1326, 1330 (5th Cir. 1977) ("The trial court should not make a proponent of a proposed

22   settlement 'justify each term of settlement against a hypothetical or speculative measure of what

23   concessions might have been gained; inherent in compromise is a yielding of absolutes and an

24   abandoning of highest hopes.")(*quoting Milstein v. Werner*, 57 F.R.D. 515, 524-25 (S.D.N.Y.

25   1972)).

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

### 5.    Class Counsel are Experienced Class Action Litigators

Class Counsel are experienced and respected class action litigators. Cottrell Decl. at ¶3; Brown Decl. at ¶¶4-7. Based on Class Counsel's knowledge and expertise in this area of law, Class Counsel believe this settlement will provide a substantial benefit to the Settlement Class. Cottrell Decl. at ¶12.

### 6.    Defendant Would Continue to Contest Liability on All Issues

The reasonableness of the Settlement is further underscored by the fact that Defendant has legal and factual grounds available to defend this action.  While Class Counsel is confident that Plaintiff would succeed on liability, continued litigation would be costly, time-consuming, and not certain in outcome.  Cottrell Decl. at ¶13.  If litigation were to proceed, Plaintiff would be required to move for class certification, establish class-wide liability, and then prove up various issues regarding damages and penalties.  *Id.* Such efforts would likely take many more months, if not years, and would necessitate expert witness testimony.  By contrast, the Settlement herein ensures timely relief and substantial recovery of the wages and expense reimbursements Plaintiff contends are owed to the Settlement Class.  *Id.*

In addition to factual disputes, Defendant presented numerous legal defenses to the claims in this litigation that, if successful, would have either reduced or eliminated recovery to Plaintiff and the Class.    Cottrell Decl. at ¶14.  While Class Counsel believe Plaintiff would prevail on liability and merits issues, Plaintiff is obligated to bring this information to the Court's attention for evaluation of the Settlement and the attendant risks of further litigation.  *Id.*

Above all, Defendant contends that none of Plaintiff's claims are suitable for class certification because individual issues predominate.  Cottrell Decl. at ¶14.  First, Defendant contends that there are significant differences in the employment experiences of individual Settlement Class members that militate against class treatment.  *Id.*  For example, Defendant may argue that all wages were properly paid, and even if they were not as to each class member, the circumstances are so varying that class treatment is improper.  *Id.*  Similarly, Defendant may

argue that it provided opportunities for all legally required meal and rest breaks, yet certain

individual class members voluntarily waived such breaks, making class treatment difficult.  *Id.*

Further, Defendant may argue that any damages owed would be so varying among class members

that class treatment would be problematic.  *Id.*  While Plaintiff disagrees with these contentions

and is confident that his claims would have been successfully certified for class treatment,

Plaintiff recognizes the inherent risk that this Court could find a class trial to be unmanageable.

*Id.*

        Plaintiff also recognizes that there was a significant risk that Defendant would have

disputed several merits-based issues.  Such issues include, for example, whether Settlement Class

Members consistently missed their meal and rest periods on a similar basis; and whether they were

properly compensated for time spent donning and doffing protective gear and performing other

work related activities.  Cottrell Decl. at ¶15.  Further, Plaintiff's Labor Code Section 203 claim

for waiting time penalties rises and falls with Plaintiff's other wage payment claims; thus, Plaintiff

would recover nothing under Section 203 if he were unable to prove the underlying claims and

also defeat Defendant's defense that there was a "good faith" dispute regarding whether it paid all

wages owed.  *See* Cal. Code Regs. Tit. 8, § 13520 (good faith dispute, based in law or fact,

precludes award of waiting time penalties).   In addition, Defendant alleges that Plaintiff's claims

under Section 226 would fail on procedural and substantive grounds.  Cottrell Decl. at ¶15.

Procedurally, Defendant alleges Plaintiff failed to make his claim within the applicable statute of

limitations, and he therefore lacks standing to bring such claims.  Substantively, Defendant alleges

UPI's wage statements contain all information required by law, and Plaintiff failed to show or

even allege that he suffered any actual injury as a result of allegedly missing information.

        While Plaintiff again believes that he would have prevailed on these issues and others,

Plaintiff recognizes the risk that a fact finder may have found for Defendant on any one or more of

these issues and or found damages to be significantly less than what Plaintiff claims.  Cottrell

Decl. at ¶15.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

1   Defendant, represented by experienced employment lawyers, and competent, experienced

2   counsel, raised all of the above arguments, and more, in mediation and would have done so in

3   continued litigation.  Despite Plaintiff's confidence in his ability to prove his claims on a class-

4   wide basis, any one of the above defenses, if decided in favor of Defendant, could have reduced or

5   even eliminated any potential damages award.

6   **B.    PLAINTIFF CORDY'S REQUEST FOR AN ENHANCEMENT AWARD FOR
        HIS SERVICE TO THE CLASS IS REASONABLE**

7

8   "Courts routinely approve incentive awards to compensate named plaintiffs for the services

9   they provided and the risks they incurred during the course of the class action litigation." *Ingram*

10  *v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (*quoting In Re Southern Ohio*

11  *Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)); *see also Van Vranken v. Atlantic*

12  *Richfield Co.*, 901 F.Supp. 294, 300 (N.D. Cal. 1995). Furthermore, where time and effort form

13  the basis for incentive awards, courts have approved different levels of compensation for class

14  representatives based upon the evidence of their individual participation. *Hughes v. Microsoft*,

15  2001 U.S. Dist. LEXIS 5976 (W.D. Wash. 2001).

16  Here, Plaintiff Carl Cordy took the significant risk of coming forward to represent the

17  interests of hundreds of his fellow P&M employees. Cottrell Decl. at ¶17.  He worked extensively

18  with Class Counsel, produced documents relevant to the action, and prepared and sat for his

19  deposition.  *Id.*

20  A substantial body of law also supports an enhancement award of this amount. *See, e.g.,*

21  *Ingram*, 200 F.R.D. at 694 (approving $300,000 payment to each class representative plaintiff in

22  employment case settling before class certification); *Roberts v. Texaco*, 979 F.Supp. 185, 203-04

23  (S.D.N.Y. 1997) (approving incentive payments of up to $85,000 for named plaintiffs in

24  employment case settling prior to class certification); *Van Vranken*, 901 F.Supp. at 294 (approving

25  $50,000 service payments); *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137

26  F.R.D. 240 (S.D. Ohio 1991) (approving $50,000 service payments); *Yap v. Sumitomo Corp.*,

27

28

15

1991 WL 29112, *4 (S.D.N.Y. 1991) (approving $30,000 service payments).  As a result of Plaintiff Cordy's efforts and his willingness to step forward and assist in this litigation on behalf of all P&M employees at Defendant's Pittsburg, California facility, the Settlement Class Members will receive significant recoveries. Payment to Plaintiff Cordy of $8,000 is reasonable in light of the effort he put forth and the risks he took in bringing and prosecuting this action to obtain this $3,500,000 settlement.

## C.     THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

In their fee motion to be submitted with final approval papers, Class Counsel will request up to thirty-three percent (33%) of the Gross Settlement Amount ($1,155,000) plus reimbursement for their out-of-pocket expenses.  The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark.  *Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482, 491-492 (E.D. Cal. 2010) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *Hanlon*, 150 F.3d at 1029; *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)).  However, the exact percentage varies depending on the facts of the case, and in "most common fund cases, the award exceeds that benchmark." *Id.* (citing *Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal. 2009); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%")).  *See also, e.g., Melendres v. City of Los Angeles*, 45 Cal. App. 3d 267, 278 (Ct. App. 1975)*; Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26 (2000).  In California, federal and state courts have customarily approved payments of attorneys' fees amounting to one-third of the common fund in comparable wage and hour class actions.  *See Regino Primitivo Gomez, et al. v. H&R Gunlund Ranches, Inc.* 2011 WL 5884224, No. CV F 10–1163 LJO MJS. (E.D. Cal. 2011) (approving attorneys' fees award equal to 45% of the settlement fund); *Wren v. RGIS Inventory Specialists,* WL 1230826, (N.D.Cal.,2011) (approving attorneys' fee award of just under 42% of common fund); *Big Lots Overtime Cases* (San Bernardino Super. Ct., JCC

1   Proceeding No. 4283, February 4, 2004) (approving award of attorneys' fees of 33% of the

2   recovery); *Barela v. Ralph's Grocery Company* (Los Angeles Super. Ct., No. BC070061, June 5,

3   1998) (same); *Davis v. The Money Store, Inc.* (Sacramento Super. Ct., No. 99AS01716, December

4   26, 2000) (same); *Ellmore v. Ditech Funding Corp.* (C.D. Cal., No. SAVC 01-0093, Sept. 12,

5   2002) (same); *Miskell v. Automobile Club of Southern California* (Orange County Super. Ct., No.

6   01CC09035, May 27, 2003) (same); *Sconce/Lamb Cremation Cases* (Los Angeles Super. Ct., JCC

7   Proceeding No. 2085, March 24, 1992) (same).

8       In this case, given the results achieved, the effort expended litigating the case, and the

9   difficulties attendant to litigating this case, such an upward adjustment is warranted.  While Class

10  Counsel will address these issues in detail in their later fee motion, their collective lodestar, which

11  is nearly $900,000, reflects the magnitude of work performed on this case.

12      The requested attorneys' fees and expense award is also reasonable when compared to

13  Class Counsel's lodestar amount.  *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1050-51

14  (9th Cir. 2002)("Calculation of the lodestar, which measures the lawyers' investment of time in

15  the litigation, provides a check on the reasonableness of the percentage award"). [10]  Here,

16  BROWN | POORE LLP's current lodestar is $280,412, and Schneider Wallace Cottrell Konecky

17  LLP's lodestar is $608,648.  *See* Ex. 1 to Cottrell Decl. and Ex 1 to Brown Decl. for a summary of

18  each firm's lodestar to date, including the number of hours billed and each biller's hourly rate.

19  Thus, Class Counsel's cumulative lodestar to date is $889,060.  This amount will increase for

20  preparation of the final approval papers, preparation and attendance at any remaining hearings,

21  correspondence with Settlement Class Members, and settlement administration and oversight.

22

23

24  [10] As with the percentage method, "a court can adjust the lodestar upward or downward based on certain factors."
    *Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002).  Increasing the lodestar is done by

25  the inclusion of a "multiplier."  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002).  The *Vizcaino* Court
    found that 83 percent of courts in the common fund cases it surveyed assessed a multiplier to class counsel's lodestar

26  of between 1.0 and 4.0.  *Id.* at 1051, n. 6.  As the Ninth Circuit has stated, "courts have routinely enhanced the lodestar
    to reflect the risk of non-payment in common fund cases."  *Id.*  at 1051 (quoting *In re Washington Public Power*

27  *Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994)).

                                                        17
28  PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
                                                   SETTLEMENT
               *Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

1   Class Counsel incurred these fees performing the work described herein and in the accompanying

2   declarations of Class Counsel.  Cottrell Decl. at ¶¶7-9; Brown Decl at ¶9.

3       Furthermore, Class Counsel's litigation costs to date total $52,105.   Cottrell Decl. at ¶19;

4   Brown Decl at ¶12.  Class Counsel also requests reimbursement for these expenses.  Class

5   Counsel respectfully submits that a one-third recovery for fees is modest and appropriate and

6   should be preliminarily approved as fair and reasonable.

7   **VI.   PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS**
        **APPROPRIATE**

8

9       Pursuant to FRCP 23(c)(1), the Court may "make a conditional determination of whether

10  an action should be maintained as a class action, subject to final approval at later date." *Fry v.*

11  *Hayt, Hayt & Landau*, 198 F.R.D. 461, 466 (E.D.Pa. 2000) (*citing* FRCP 23(c)(1)). Conditional

12  certification of the class is appropriate where the plaintiff demonstrates numerosity, commonality,

13  typicality and adequacy of representation, and one of the three requirements of FRCP 23(b) is met.

14  *See, e.g., Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Plaintiff submits

15  that all of the requirements of Rule 23(a) as well as those of Rule 23(b)(3) are met in this case for

16  purposes of settlement. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

17      **A.   CLASS CERTIFICATION IS PROPER UNDER FRCP 23(A)**

18          **1.   The Class is so Numerous that Joinder is Impracticable**

19      To meet the numerosity requirement of FRCP 23(a)(1), "the class size only need be large

20  enough that it makes joinder impracticable." *Fry*, 198 F.R.D. at 467. The proposed Settlement

21  Class here easily meets the numerosity requirement because 643 Settlement Class Members have

22  been identified through Defendant's payroll records.

23          **2.   Common Questions of Law and Fact Predominate**

24      The commonality requirement of FRCP 23(a)(2) "is met if there is at least one common

25  question or law or fact." *Fry*, 198 F.R.D. at 467. As the Ninth Circuit held in *Hanlon*:

26

27
                                        18

1   Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be

2   common to satisfy the rule. The existence of shared legal issues with divergent factual

3   predicates is sufficient, as is a common core of salient facts coupled with disparate legal

4   remedies within the class.

5   *Hanlon*, 150 F.3d at 1019.

6       According to Plaintiff, common questions of law and fact predominate. The alleged

7   common issues, which predominate in this action, include, for example: (1) whether Defendant

8   violated and continues to violate the California Labor Code and applicable Wage Orders; (2)

9   whether the Settlement Class Members during the Class Period were similarly denied

10  compensation for all hours worked; (3) whether Defendant denied the Settlement Class Members

11  their meal and rest breaks required under California state law; and (4) whether Defendant failed to

12  provide Settlement Class Members with wage statements that comply with Section 226. These

13  sample common questions of law and fact, which Plaintiff contends apply uniformly to all of the

14  members of the proposed Settlement Class, predominate over any individual issues.

### 3.      Plaintiff's Claims are Typical of Those of the Class

16      "Rule 23(a)(3) requires that the claims of the named parties be typical of the claims of the

17  members of the class." *Fry*, 198 F.R.D. at 468. "Under the rule's permissive standards, a

18  representatives' claims are 'typical' if they are reasonably coextensive with those of absent class

19  members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. To satisfy the

20  requirement of typicality, "a class representative must be part of the class and possess the same

21  interest and suffer the same injury as the class members." *General Tel. Co. of S.W. v. Falcon*, 457

22  U.S. 147, 156 (1982).

23      Plaintiff contends that his claims are sufficiently typical of the common claims presented.

24  During the class period, Plaintiff was a non-exempt, hourly P&M employee at Defendant's

25  Pittsburg, California facility who alleges he was denied compensation for all of the hours that he

26  worked, denied meal and rest periods, and was not provided with wage statements that complied

27

28

19

with Section 226 of the California Labor Code.  Plaintiff contends that Defendant's treatment of the proposed Settlement Class Members was uniform with respect to these issues.  Defendant's uniform treatment demonstrates that the proposed Settlement Class Members possess similar interests and suffered similar injuries.  Plaintiff's counsel's interviews of dozens of class members confirmed this view. A class action adjudicating all of these claims is clearly superior to individual adjudication of each Settlement Class Member's claims, which would require numerous separate trials and could lead to contradictory results.

For purposes of preliminary approval of the parties' settlement - because the claims of the named Plaintiff and Settlement Class all arise from the same alleged practices, policies, events and courses of conduct, and are all based on the same facts and legal theories - the typicality requirement is also satisfied.

### 4.    Plaintiff and his Counsel are Adequate Representatives of the Class

To meet the adequacy of representation requirement in FRCP 23(a)(4), Plaintiff must show "(1) that the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously; (2) that he or she has obtained adequate counsel, and (3) that there is no conflict between the individual's claims and those asserted on behalf of the class." *Fry*, 198 F.R.D. at 469; *see also Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

The adequacy of representation requirement is met here because the named Plaintiff has the same interests as the Settlement Class Members. Cottrell Decl. at ¶17.  There is no conflict between Plaintiff and the Settlement Class in this case; Plaintiff's claims are in line with the claims of the class.

Plaintiff has and will continue to aggressively and competently assert the interests of the Settlement Class.  Plaintiff's counsel is skilled and experienced in wage and hour class action litigation. Cottrell Decl. at ¶3.  Plaintiff submits that class treatment of these claims is appropriate where, as here, the legality of a policy or practice as a whole is at issue.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

Thus, the Settlement Class for which Plaintiff seeks conditional certification meets all of the requirements of FRCP 23(a): it is numerous, common questions predominate, Plaintiff's claims are typical of the claims of the class, and Plaintiff and his counsel are adequate class representatives.

## B.   CLASS CERTIFICATION IS PROPER UNDER FRCP 23(B)(3)

In addition to demonstrating the four prerequisites of FRCP 23(a), class certification requires a showing that certification is proper under one of the three requirements of FRCP 23(b). Under FRCP 23(b)(3), class certification is appropriate if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

For the reasons previously discussed, Plaintiff submits that the Settlement Class defined above satisfies the predominance requirement. Moreover, Plaintiff contends that allowing Settlement Class Members the opportunity to participate in a class settlement that yields an immediate and substantial benefit is highly superior to having a multiplicity of individual and duplicative proceedings in this and other courts. It is also superior to the alternative of leaving these important labor rights without redress due to the difficulty of finding legal representation and filing claims on an individual basis.

## VII.   THE PROPOSED NOTICE PROVIDES ADEQUATE NOTICE TO THE CLASS AND SUFFICIENT DUE PROCESS

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. A class action settlement notice "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.' *Churchill Village LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (*quoting Mendoza v. U.S.*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

1    Here, the Class Notice and manner of distribution negotiated and agreed upon by the

2   parties is "the best notice practicable," as required under FRCP 23(c)(2)(B). All Settlement Class

3   Members have been identified and the Class Notice will be mailed directly to each Settlement

4   Class Member. *See* **Exhibit A** at ¶11(B). The proposed Class Notice (*see* **Exhibit B**) is clear and

5   straightforward, and provides information on the meaning and nature of the proposed Settlement

6   Class and class action, the terms and provisions of the Settlement Agreement, and the monetary

7   awards that the Settlement will provide Settlement Class Members.

8    The proposed Class Notice also fulfills the requirement of neutrality in class notices. *See*

9   CONTE & NEWBERG at § 8.39. It summarizes the proceedings necessary to provide context for

10   the Settlement Agreement and summarizes the terms and conditions of the settlement, including

11   an explanation of how the settlement amount will be allocated between the named Plaintiff, Class

12   Counsel, the Claims Administrator, and the Settlement Class Members, in an informative,

13   coherent and easy-to-understand manner, all in compliance with the Manual for Complex

14   Litigation's recommendation that "the notice contain a clear, accurate description of the terms of

15   the settlement."  MANUAL FOR COMPLEX LITIG. at § 21.312.

16    The Notice clearly explains the procedures and deadlines for requesting exclusion from the

17   settlement, objecting to the estimated award, the consequences of taking or foregoing the various

18   options available to Settlement Class Members, and the date, time and place of the final settlement

19   approval hearing.  Pursuant to FRCP 23(h), the proposed Class Notice also sets forth the amount

20   of attorneys' fees and costs sought by Plaintiffs, as well as an explanation of the procedure by

21   which Class Counsel will apply for them. In addition, the Class Notice explains that Settlement

22   Class Members have the opportunity to object to Class Counsel's Motion for Attorneys' Fees and

23   Costs. The Class Notice clearly states that the settlement does not constitute an admission of

24   liability by Defendant.  It makes clear that the final settlement approval decision has yet to be

25   made.

26

27

28   PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

Accordingly, the Class Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. CONTE & NEWBERG at §§ 8.21 and 8.39; MANUAL FOR COMPLEX LITIG. at § 21.311 and 21.312.

Furthermore, reasonable steps will be taken to ensure that all Settlement Class Members receive the Class Notice. Before mailing the Class Notice the Claims Administrator will: (1) receive the last-known addresses, telephone numbers, and social security numbers of the Settlement Class Members; (2) run this class list through the United States Postal Service's National Change of Address database ("NCOA"). The NCOA database documents change-of address requests filed with the post office and can cover up to a four-year period; and (3) perform address searches using public and proprietary electronic resources which collect their data from various sources such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus. *See* **Exhibit A** at ¶14(A). The Claims Administrator will use reasonable efforts, including calling Settlement Class Members if telephone numbers are available, to obtain updated addresses for those Settlement Class Members for whom the Class Notice is returned as undelivered. *Id*.

Because the proposed Class Notice clearly and concisely describes the terms of the settlement and the obligations of Settlement Class Members who participate, and because the Class Notice will be disseminated in a way calculated to provide notice to as many Settlement Class Members as possible, the Class Notice and notice procedures should be preliminarily approved.

## VIII. THE PROPOSED SCHEDULING ORDER

The Settlement Agreement contains a proposed schedule for notice and final approval of the Settlement Agreement.  The proposed schedule, which Plaintiff respectfully requests this Court to approve, is as follows:

| | |
|---|---|
| Defendant to deposit $16,342 into a Qualified Settlement Fund maintained by the Claims Administrator | Within 5 business days after the Court's preliminary approval of the Settlement Agreement |
| Defendant shall provide to the Claims | 15 days after the Court's preliminary approval |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

| Administrator and Class Counsel a database containing Settlement Class Members' contact information | of the Settlement Agreement |
|---|---|
| Claims Administrator shall mail Class Notice to Settlement Class Members | 20 days after the Claims Administrator receives Defendant's database |
| Deadline to postmark requests for exclusion from or objections to the Settlement | 45 days after Class Notice is mailed |
| Defendant to deposit $3,483,000 into the Qualified Settlement Fund maintained by the Claims Administrator (including the prior deposit, the fund will have $3,500,000 in it) | On the date of final approval of the Settlement Agreement |
| Effective Date | The date the Court finally approves the Settlement Agreement (TBD) |
| Payment of Class Counsel's attorneys' fees and costs | Within 1 day of the Effective Date |
| $25,000 paid to the LWDA | Within 10 business days of the Effective Date |
| Payment of Class Members' Settlement Award | Within 10 business days of the Effective Date |
| Payment of $8,000 enhancement award to Named Plaintiff Carl Cordy | Within 1 day of the Effective Date |
| Distribution of Net Settlement Fund to Eligible Class Members | Within 5 business days after the Claims Administrator sends IRS Forms to Defendant |
| Uncashed/undeposited checks shall be paid to *cy pres* recipients | 180 days after settlement checks are mailed |
| Defendant shall confirm it is maintaining records of the actual hours worked by P&M employees, and will continue to maintain those records for at least three years.  Defendant shall confirm that all P&M employee wage statements contain all information required under California law. | 180 days after the Court's final approval of the Settlement Agreement |

## IX.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion for Preliminary Approval.

Dated: July 23, 2013                                Respectfully submitted,


                                                                 /s/ *Carolyn H. Cottrell*
                                                               Carolyn H. Cottrell
                                                               SCHNEIDER WALLACE
                                                               COTTRELL KONECKY LLP
                                                               180 Montgomery Street, Suite 2000
                                                               San Francisco, California  94104

24

Tel:  (415) 421-7100
ccottrell@schneiderwallace.com

Scott A. Brown
BROWN | POORE LLP
1350 Treat Boulevard, Suite 400
Walnut Creek, California 94597
Telephone: (925) 943-1166
sbrown@bplegalgroup.com

*Attorneys for Plaintiff*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
*Cordy, et al. v. USS-POSCO Industries, et al.*, Case No. 3:12-cv-00553-JST

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2013, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Carolyn Hunt Cottrell

Cassandra H. Carroll

Francis J. Ortman

Scott A. Brown

          */s/ Carolyn H. Cottrell*
Carolyn H. Cottrell (SBN 166977)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com

Attorney for Plaintiff and the Putative Class