UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CORDY,<br><br>            Plaintiff,<br><br>    v.<br><br>USS-POSCO INDUSTRIES, et al.,<br><br>            Defendants. | Case No.  12-cv-00553-JST<br><br>**CORRECTED ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT SUBCLASSES, APPROVAL OF NOTICE OF SETTLEMENT, AND SETTING HEARING FOR FINAL APPROVAL; GRANTING STIPULATION REGARDING APPOINTMENT OF CLASS REPRESENTATIVE FOR ITEMIZED WAGE STATEMENT PENALTY SUBCLASS**<br><br>Re: ECF Nos. 58, 64 |

## I. INTRODUCTION

In this proposed wage-and-hour class action, the Court previously denied a motion for preliminary approval of a proposed settlement without prejudice. The parties have renewed their joint motion for preliminary approval after revising some portions of their proposed settlement. For the reasons set forth below, the renewed motion is GRANTED.

## II. BACKGROUND

### A. Cordy's Claims

Plaintiff Carl Cordy is a former employee of Defendant USS-Posco Industries ("Posco") who worked at Posco's Pittsburg, California, steel manufacturing and production facilities. Complaint ¶¶ 10-12, ECF No. 1; Amended Answer ¶ 10, ECF No. 19. Cordy alleges that Posco had a policy and practice of denying legally required compensation to its hourly production and maintenance ("P&M") employees. Complaint ¶¶ 1-6. Cordy alleges that Posco denied workers

1  compensation for all time worked (specifically, for time spent donning protective gear, clocking in
2  before their shifts began, and walking to and from their work stations), denied employees meal
3  and rest periods, failed to provide itemized wage statements, and failed to timely pay wages upon
4  termination or resignation.  Id.

### B. Procedural History

Cordy brought a proposed class action complaint against Defendants Posco, United States Steel Corporation, Posco-California Corporation, Pitcal, Inc., and Does 1-50 in February 2012. Complaint.  He brought causes of action for failure to compensate for all hours worked pursuant to California Labor Code §§ 204 & 1194, for failure to provide meal and rest periods in violation of California Labor Code §§ 226.7 & 512, for unpaid wages and waiting time penalties pursuant to California Labor Code §§ 201-203, for failure to provide itemized wage statements pursuant to California Labor Code § 226, for violation of California's Unfair Competition Law, California Business & Professional Code § 17200, *et seq.*, and for penalties pursuant to the Private Attorneys General Act, California Labor Code §§ 2699(a) & 2699(f).  Complaint ¶¶ 33-92.

Counsel for Cordy and Posco engaged in formal and informal discovery, exchanging documents related to the claims at issue, deposing twenty individuals, including Cordy, Posco executives, and proposed class members, and producing 40 declarations by Posco employees and executives.  Declaration of Carolyn Cottrell ("Cottrell Decl.") ¶¶ 7-8, ECF No. 59.  The parties then mediated the dispute before Jeffrey Kravis, after which the parties reached a class-wide settlement subject to the Court's approval.  Id. ¶ 10.

The Court denied Plaintiff's previous motion for provisional settlement in August.  ECF No. 52.  Plaintiff filed this revised motion in October.  ECF No. 58.

### C. Proposed Settlement

The Settlement Agreement provides for a Gross Settlement Amount of $3,500,000. The Gross Settlement Amount shall be used to satisfy: an estimated $2,170,658 in settlement awards to the Class Members, claims-administration fees estimated to be $19,621, enhanced payments to the Class Representatives ($8,000 to named Plaintiff Carl Cordy, and $1,500 to Donald Jones, representative of the Itemized Wage Statement Subclass), payment of $25,000 to the California

1   Labor Workforce Development Agency, a $125,000 contribution to the Hold-Back Fund for
2   payment of disputed and late claims and undisputed expenses, the remainder of which will revert
3   to Defendant to pay some of its share of payroll taxes on the settlement awards, and attorney's fees
4   and costs not to exceed 33% of the Gross Settlement Amount.  Cottrell Decl. ¶ 26.

    **D.**    **Jurisdiction**

The Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5 million.  Cordy alleges, and Defendants do not dispute, that members of the proposed Class are citizens of a state different than Defendants.  Complaint ¶ 8.

**III.**    **SETTLEMENT APPROVAL**

    **A.**    **Legal Standard**

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions.  Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).  The settlement of a certified class action must be fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e)(2).  But, where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement."  Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003).  In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)."  Dennis v. Kellogg Co., 697 F.3d 858, 864 (9th Cir. 2012) (citation and internal quotation marks omitted).

In examining a pre-certification settlement agreement, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations."  In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011).  "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) (citation omitted).  A court may not "delete, modify or substitute certain provisions" of the settlement; rather "[t]he settlement must stand or fall in its entirety."  Id.

Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted).

**B.     Analysis**

As the Court stated in its previous order, there is no reason to suspect that the proposed settlement was not the product of serious, informed, non-collusive negotiations. Moreover, the new settlement agreement and revised motion now establish that the agreement has no obvious deficiencies, does not grant preferential treatment to members of the class, and falls within the range of possible approval.

Most notably, the parties now propose to distribute awards differently depending upon the alleged damages suffered, by dividing the class into various subclasses reflecting the different alleged wage-and-hour violations: an Itemized Wage Subclass, a Waiting Time Penalty Subclass, a Continual Presence Subclass, and an Unpaid Time Worked Subclass. Cottrell Decl. ¶¶ 28-31. Recovery will be tailored to the nature of the Subclass Member's alleged injury, rather than providing an award to all Class Members solely on the basis of weeks worked. Id. While class settlements need not treat all members precisely equally, the parties' effort to tailor relief based on individual class members' circumstances is substantially fairer than the previous proposal.

To determine whether a settlement "falls within the range of possible approval," a court must focus on "substantive fairness and adequacy," and "consider plaintiffs' expected recovery balanced against the value of the settlement offer." In re Tableware Antitrust Litig., 484 F. Supp. 2d at 1080. Depending upon how much uncompensated time Plaintiff is able to prove class members worked for Posco, the proposed distribution to Class Members is between 16 and 26 percent of the total damages, penalties and interest that could be possibly be achieved. Cottrell Decl. ¶ 21. Given the defenses that Defendant could raise to these claims, and the costs of continued litigation, this is within the range of reasonableness. Depending upon which individual classes a Class Member belongs to, an average award to an individual would be between $984 and

4

1  $5,300; this number rises if not all Class Members participate.  Motion 25:10-21; Cottrell Decl.
2  ¶ 27.  This is a substantial recovery that could not have been achieved but for this class action
3  settlement.

4        Settlement Award checks that remain un-cashed after 180 days will be distributed to a *cy*
5  *pres* recipient, and the parties now agree that the Legal Aid Society-Employment Law Center
6  ("LAS-ELC") will be the sole recipient.  "To avoid the 'many nascent dangers to the fairness of
7  the distribution process,'" courts "require that there be 'a driving nexus between the plaintiff class
8  and the *cy pres* beneficiaries.'"  Dennis v. Kellogg Co., 697 F.3d 858, 865 (9th Cir. 2012) (quoting
9  Nachshin v. AOL, LLC, 663 F.3d 1034, 1038 (9th Cir. 2011).  "A *cy pres* award must be 'guided
10 by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members,"
11 and must not benefit a group 'too remote from the plaintiff class.'"  Dennis, 697 F.3d at 865
12 (quoting Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1308 (9th Cir. 1990)).
13 LAS-ELC, an organization devoted to advocating for the rights of workers, satisfies this standard.

14       The Court also agrees that the amount proposed as enhancement awards to the named
15 Plaintiffs is appropriate, and that, subject to the attorneys' later motion, a proposed attorney's fee
16 award of not more than 33% appears to be reasonable.

17       Finally, the parties still propose to divert any unused portion of the $125,000 Hold-Back
18 Fund to Defendant to pay a portion of its payroll taxes on the Settlement Awards.  The Court has
19 misgivings about this approach, but it has been endorsed by other courts in this district.  See, e.g.,
20 Minor v. FedEx Office and Print Services, Inc., 2013 WL 503268 (N.D. Cal. 2013).  While the
21 diversion back of a portion of the award creates an appearance of cost-shifting that the Court
22 would discourage, in this case it will not defeat preliminary approval of the settlement.

23 **IV.   CLASS CERTIFICATION**
24    **A.   Legal Standard**
25       A district court may certify a class action under Federal Rule of Civil Procedure 23 if the
26 parties seeking certification satisfy the four requirements identified in Rule 23(a) as well as one of
27 the three subdivisions of Rule 23(b).  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).
28 When determining whether to certify a class for settlement purposes, a court must pay

"heightened" attention to the requirements of Rule 23. Id. at 620. Indeed, "[s]uch attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." Id. (citations omitted).

### B. Analysis

Each subclass is likely to have between 170 and 699 members, establishing the numerosity requirement of Rule 23(a)(1). Declaration of Francis J. Ortman ¶ 7. The class members share numerous common questions that predominate over individualized issues, since the question of which policies to which the workers were subject can be resolved through common proof. See Motion 35:1-40:7. Plaintiff Cordy is a typical and adequate representative of the class he proposes to represent, as is Mr. Jones of the class he proposes to represent, and the class attorneys are adequate representatives for the absent class members. Cottrell Decl. ¶¶ 37, 38; Declaration of Carl Cordy ¶¶ 8-9; Declaration of Donald Jones ¶¶ 5-6, 8-10. Finally, plaintiffs have "shown[n] 'significant proof'" that Defendant "'operated under a general policy of [violating California labor laws].'" Wang v. Chinese Daily News, Inc., 709 F.3d 829, 833-36 (9th Cir. 2013). (quoting Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 (9th Cir. 2011). See Cottrell Decl. ¶ 9.

The Court finds that it is appropriate to provisionally certify the Proposed Class and Subclasses for settlement purposes.

### V. CONCLUSION

For the reasons discussed herein, and good cause appearing, the Court hereby ORDERS as follows:

1.  Preliminary approval of the class-action Settlement Agreement (attached as Exhibit A[1] to the Amended Motion (Doc. No. 58)) and the related Addendum (Exhibit B), is GRANTED;

2.  Heffler Claims Group is appointed as Claims Administrator and the costs of claims administration is approved;

---

[1] All exhibits referenced herein are attached to ECF No. 58.

3. For purposes of settling this lawsuit, the Court provisionally certifies the following Unpaid Time Subclass pending final approval of the settlement:

> all individuals employed as non-exempt, production and maintenance ("P&M") employees by Defendant at Defendants' steel-manufacturing plant and facilities in Pittsburg, California at any time from February 2, 2008 to the date of entry of preliminary approval of the Settlement Agreement except that it will not include any member who files a timely request for exclusion as provided in the Settlement Agreement.

4. For purposes of settling this lawsuit, the Court provisionally certifies the following Itemized Wage Statement Penalty Subclass pending final approval of the settlement:

> all individuals employed as non-exempt, production and maintenance ("P&M") employees by Defendant at Defendants' steel-manufacturing plant and facilities in Pittsburg, California who performed services for which they received a paycheck for Defendant at any time from February 2, 2011 through April 30, 2013, the date Defendant started to provide wage statements that comply with California Labor Code Section 226 except that it will not include any member who files a timely request for exclusion as provided in the Settlement Agreement.

5. For purposes of settling this lawsuit, the Court provisionally certifies the following Continual Presence Subclass pending final approval of the settlement:

> all individuals employed as non-exempt, production and maintenance ("P&M") employees that held a Continual Presence position at Defendants' steel-manufacturing plant and facilities in Pittsburg, California who performed services for Defendant at any time from February 2, 2008 through May 31, 2011 when Defendant instituted its missed meal period payment system except that it will not include any member who files a timely request for exclusion as provided in the Settlement Agreement.

6. For purposes of settling this lawsuit, the Court provisionally certifies the following Waiting Time Penalty Subclass pending final approval of the settlement:

> all individuals employed as non-exempt, production and maintenance ("P&M") employees by Defendant at Defendants' steel-manufacturing plant and facilities in Pittsburg, California who left their employment with Defendant, either by termination or quit, at any time from February 2, 2009 to the date of entry of preliminary approval of the Settlement Agreement except that it will not include any member who files a timely request for exclusion as provided in the Settlement Agreement.

7. Plaintiff Carl Cordy is appointed as the representative of the Unpaid Time Subclass, the Continual Presence Subclass, and the Waiting Time Penalty Subclass;

8. Donald Jones is appointed as the representative of the Itemized Wage Statement Penalty Subclass;

9. Todd M. Schneider, Carolyn H. Cottrell and Schneider Wallace Cottrell Konecky LLP, and Scott Brown and Brown | Poore LLP are approved as Class Counsel ("Class Counsel") for the Members of all of the Subclasses, (collectively referred to as "Settlement Subclass Members");

10. The form of Class Notice attached as Exhibit C to the Amended Motion is approved, with the caveat that the sentence on page 2 that begins with "There was a hearing on ___ ..." must be edited to reflect the fact that the Court decided this motion for preliminary approval without hearing;

11. The terms of the request for permanent injunction attached as Exhibit D to the Amended Motion is approved;

12. Class Counsel's request for attorneys' fees to be paid from the Gross Settlement Amount not to exceed thirty-three percent (33%) of the Gross Settlement Amount) and costs is preliminarily approved;

13. The parties' stipulation to appoint Donald Jones as representative of the Itemized Wage Statement Penalty Subclass, ECF No. 64, is approved; and

14. The following schedule and procedure for completing the final approval process is approved:

| | |
|---|---|
| Defendant to deposit $19,621into a Qualified Settlement Fund maintained by the Claims Administrator | Within 5 business days after the date of this order |
| Defendant shall provide to the Claims Administrator and Class Counsel a database containing Settlement Subclass Members' contact information | 15 days from the date of this order |
| Claims Administrator shall mail Class Notice to Settlement Subclass Members | 20 days after the Claims Administrator receives Defendant's database |
| Deadline to postmark requests for exclusion from or objections to the Settlement | 45 days after Class Notice is mailed |
| Final Fairness Hearing | April 24, 2014, 2:00 P.M., Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco |

| Defendant to deposit $3,480,379 into the Qualified Settlement Fund maintained by the Claims Administrator (including the prior deposit, the fund will have $3,500,000 in it) | On the date of final approval of the Settlement Agreement |
|---|---|
| Effective Date | The date the Court finally approves the Settlement Agreement (TBD) |
| Payment of Class Counsels' attorneys' fees and costs | Within 1 day of the Effective Date |
| $25,000 paid to the LWDA | Within 10 business days of the Effective Date |
| Payment of Settlement Subclass Members' Settlement Award | Within 10 business days of the Effective Date |
| Payment of $8,000 enhancement award to Named Plaintiff Carl Cordy and $1,500 to Class Representative Donald Jones | Within 1 day of the Effective Date |
| Uncashed/undeposited checks shall be paid to *cy pres* recipient | 180 days after settlement checks are mailed |
| Defendant shall confirm it is maintaining records of the actual hours worked by P&M employees, and will continue to maintain those records for at least three years. Defendant shall confirm that all P&M employee wage statements contain all information required under California law. | 180 days after the Court's final approval of the Settlement Agreement |

**IT IS SO ORDERED.**

Dated: January 17, 2014



JON S. TIGAR
United States District Judge