UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CORDY,<br><br>        Plaintiff,<br><br>    v.<br><br>USS-POSCO INDUSTRIES, et al.,<br><br>        Defendants. | Case No. 12-cv-00553-JST<br><br>**ORDER APPROVING CLASS SETTLEMENT; APPROVING IN PART MOTION FOR ATTORNEYS' FEES; APPROVING MOTION FOR COSTS AND ENHANCEMENT AWARDS TO NAMED PLAINTIFFS**<br><br>Re: ECF Nos. 78 & 79. |

## I. INTRODUCTION

The Court previously issued its preliminary approval of the settlement of this class action and conditionally certified classes pursuant to Rule 23 of the Federal Rules of Civil Procedure. ECF No. 74 ("Previous Order"), as amended by ECF No. 77. Since that time, notice was provided to class members, and no class members objected to the settlement. The Court held a Final Fairness Hearing on April 24, 2014, and no one appeared at the hearing to object to the settlement. Therefore, the Court re-affirms its conclusions that the proposed settlement is fair, reasonable and adequate and that the class is certifiable under Rule 23, and therefore issues its final approval of the parties' Settlement Agreement.[1]

Plaintiff's counsel moves for attorney's fees in the amount of $1,155,000, or 33% of the gross settlement award.[2] ECF No. 78. Counsel also seeks $53,455 as reimbursement for the costs

---

[1] Counsel brought its motion for final approval subsequent to its motion for attorney's fees, noticing the motion for final approval for hearing on May 22. Since the motion for final approval is unopposed, and since no Class Members objected to the settlement or appeared at the noticed Final Fairness Hearing, the Court finds that further hearing on the motion is unnecessary, and hereby VACATES the May 22 hearing date.

[2] Counsel stated in its notice to Class Members that it would seek fees in this amount, and no objections were filed nor did anyone appear at the Final Fairness Hearing to object to the amount

1  of suit, an $8,000 enhacement payment to Plaintiff Carl Cordy and a $1,500 enhancement payment
2  to Subclass Representative Donald Jones. Id.

## II.   ATTORNEY'S FEES

### A.   Legal Standard

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011) "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." Id.

"Because the benefit to the class is easily quantified in common-fund settlements," courts can "award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." Id. "Applying this calculation method, courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." Id. (quoting Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990)). In considering whether to adjust the presumptive 25% award upward, the Ninth Circuit has approved of district courts taking into account "[e]xceptional results," the "risk" of non-recovery assumed by counsel, any "benefits beyond the case settlement fund" that counsel achieved for the class, counsel's "reasonable expectations, . . . based on the circumstances of the case and the range of fee awards out of common funds of comparable size," and any unusual burdens born by counsel. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002).

"Even though a district court has discretion to choose how it calculates fees . . . it 'abuses that 'discretion when it uses a mechanical or formulaic approach that results in an unreasonable

---

sought. See Exh 1 to Cottrell Decl.

reward.'" In re Bluetooth, 654 F.3d at 944 (quoting In re Mercury Interactive Corp., 618 F.3d 998, 992 (9th Cir. 2010)). "Thus, even though the lodestar method may be a perfectly appropriate method of fee calculation," the Ninth Circuit has "also encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method." In re Bluetooth, 654 F.3d at 944.

### B. Analysis

The Court begins with a presumption of awarding Class Counsel 25 percent of the common-fund settlement amount, but considers each of the Vizcaino factors in considering Class Counsel's request for a larger recovery. See 290 F.3d at 1048-50.

After careful review of Class Counsel's declarations and filings, the Court concludes that several special circumstances justify adjusting the 25 percent benchmark upward, including but not limited to the vigorousness of the litigation, the result achieved, the risk of non-recovery, the injunctive relief achieved, the special burdens borne by Class Counsel, and the fact that no member of the Class has objected to the requested award. The Court concludes that 30 percent of the common fund, or $1,050,000, is an appropriate award.

The Court also "cross-checks" this award against lodestar recovery. The Court has reviewed the documentation which supports Class Counsel's calculation of an anticipated $1,100,000 lodestar, and concludes that this estimate is fair. 30 percent of the common fund would be a .95 multiplier from lodestar, which confirms the reasonableness of the award.

## III. EXPENSES

An attorney is entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that "would normally be charged to a fee paying client." Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986)). See also S.E.C. v. Sunwest Mgmt., Inc., 524 F. App'x 365, 368 (9th Cir. 2013) (unpublished) (applying Harris's rule to an award of attorney's fees in a class action).

The Court has reviewed Class Counsel's list of expenses. Cottrell Decl. ¶ 72, Declaration of Scott A. Brown, ¶¶12, 14, ECF No. 78-12. They appear to be the sort of expenses typically charged to paying clients, and are not excessive in amount. $53,455 in costs as reimbursement for

the costs of suit is appropriate.

## IV. INCENTIVE AWARDS

"[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." Staton v. Boeing Co., 327 F.3d 938, 977 (9th Cir. 2003). "The district court must evaluate their awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of] workplace retaliation.'" Id. (quoting Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998)).

"Incentive awards are discretionary, . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009) (internal citation omitted). "[D]istrict courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." Radcliffe v. Experian Information Solutions, Inc., 715 F.3d 1157, 1165 (9th Cir. 2013).

In this case, the Court finds that $8,000 is reasonable to reflect the time and energy Plaintiff Cordy expended in bringing this action and the risks he took on behalf of his fellow employees in advancing litigation against his employer. See Cottrell Decl. ¶ 94. $1,500 is reasonable as an incentive award to Subclass representative Jones to reflect the more limited but still significant time he devoted to the case, and the risks he incurred. Neither award is so out of proportion as to destroy the representatives' adequacy as representatives of the class.

## IV. CONCLUSION

The Court awards $1,050,000 in fees to Class Counsel, $53,455 in costs, an enhancement award of $8,000 to Plaintiff Carl Cordy, and a $1,500 award to Subclass Representative Donald Jones.

The proposed subclasses are CERTIFIED pursuant to Rule 23, and the settlement is APPROVED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 28, 2014

_____
JON S. TIGAR
United States District Judge